# Kennamer v. The State.

## Using Public Road Without License.

(Decided April 2, 1907.   43 So. Rep. 482.)

1. *Highways; Use for Travel; Offenses; Indictment.*—An indictment is sufficient which states the substance of the order made by the Commissioners' Court requiring a license to haul lumber or other timber over the public road, and avers its violation.

2. *Statutes; Raising Revenue; Time for Passage; Constitutional Provision.*—The Act providing for the maintenance, improvement and protection of the public roads of Jackson county and granting power to the commissioners' court to require license for certain uses thereof (Acts 1903, pp. 682-689) is not a bill for raising revenue, and is not violative of article 4, section 70 of the Constitution in that it was passed within the last five days of the legislative session.

3. *Licenses; Constitutionality; Equality.*—The legislature may create classes upon whom the taxing power may be laid if subjects of the same class are made to bear the burden imposed equally and, hence, the Acts of 1903, pp. 682-689 requiring a license of persons hauling logs, lumber or timber over the public roads of Jackson County is not unconstitutional because discriminating against persons hauling logs, etc.

4. *Highways; Use for Travel; Construction of Terms; Licenses.*—As used in the Acts of 1903, pp. 682-689, the terms "logs, lumber or other timber," in the connection used do not necessarily include the hauling of fire wood.

5. *Same; Statutory Provision; Order; Definiteness and Certainty.*—
The order of the commissioners' court fixing the license tax for
hauling logs, lumber or other timber over the public roads of
Jackson county, graduating the tax according to the character
of vehicle used and limiting the duration of the license to one
month, was sufficiently definite and certain.

APPEAL from Jackson Circuit Court.
Heard before Hon. W. W. HARALSON.
Campbell Kennamer was indicted and convicted of
hauling logs, lumber or other timber over the public
roads of Jackson county without a license as required
by the order of the commissioner's court of said county.
The facts sufficiently appear in the opinion of the court.
From this judgment of conviction defendant appeals.

STREET & ISBELL, for appellant.—It is manifest that
the section of the bill under which this indictment is
drawn rendered the act a bill for raising revenue. It fur-
ther appears that it was passed within the last five days
of the legislative session.    All its revenue features are
therefore void.—*Perry County v. Railroad Company*,
58 Ala. 557; *State v. Fleming*, 112 Ala. 179; *State v.
Buckley*, 54 Ala. 599; *L. & N. R. R. Co. v. Baldwin*, 85
Ala. 624; *Harris v. The State*, 50 Ala. 127; *Knox City
v. Thompson*, 7. Mo. App. 523; *Cast v. The State*, 96
Ala. 60.    The duration of the license whether for a day,
month or year, or indefinitely, is nowhere declared.—
*State v. Ashborn*, 77 Am. St. Rep. 765.    Subdivision 5
of section 21 is violative of the 14th amendment of the
Federal Constitution.    The legislature is without pow-
er to impose a license tax upon the use of public roads
by the citizens.—21 A. & E. Ency. of Law, 804.    The
statute does not impose a license or privilege tax on a
business, nor does the agreed statement of facts show
that defendant was engaged in a business.—*Smith v.
Commissioners' Court*, 117 Ala. 19; 21 A. & E. Enc. of
Law, 811; *Harris v. The State*, 50 Ala. 127. The defend-
ant having hauled timber cut from his own land is not
subject to the license tax.—*Stewart v. Atlanta Beef Co.*,
44 Am. St. Rep. 119.    The legislature has defined a
class and the burden must fall on all equally of that

[Kennamer v. The State.]

class, and the commissioner's court is without power to exempt those hauling firewood and tax those hauling timber.—21 A. & E. Enc. of Law, 804; *Quartlebaun v. The State,* 79 Ala. 4. The order of the commissioner's court is void for uncertainty.—21 A. & E. Enc. of Law, pp. 785-804-993 and 994; *Vines v. The State,* 67 Ala. 73; *State v. Mitchell,* 94 Am. St. Rep. 481. The unequal rates per horse renders the order void.—*State v. Ashborn, supra;* 21 A. & E. Enc. of Law, 804 and 809. The commissioners' court was without power to regulate the tax for license according to the number of oxen and mules engaged in the hauling.—*State v. Endon,* 23 La. Ann. 663; *Cullinan v. New Orleans,* 28 La. Ann. 102. The indictment is defective for not stating the substance of the order of the commissioner's court.— *Case v. Mayo,* 30 Ala. 538.

ALEXANDER M. GARBER, Attorney-General, and VIRGIL BOULDEN, and J. B. TALLEY, for appellee.—The bill is not one for raising revenue. For a definition of the meaning of this clause of the Constitution see *Perry County v. Railroad Company,* 58 Ala. 557. The words as there construed were re-adopted into the Constitution enacted since that construction was placed upon it. The levy of a tax is what is aimed at by the constitution.— *Dunbar v. Fraser,* 78 Ala. 538; *Shepherd v. Dowling,* 127 Ala. 9. It is manifest that this act does not levy any tax but merely enlarges the legislative power of the county to the cases named in the act.—*Fox v. MacDonald,* 101 Ala. 69; *Sisk v. Cargile,* 138 Ala. 172; *State v. Brewer,* 64 Ala. 294; *Askew v. County,* 54 Ala. 641. The act is a valid authorization of a license tax.— *Mayo v. Goldsmith,* 120 Ala. 184; *W. U. Tel. Co. v. State Board,* 80 Ala. 280; Cooley on Taxation (3rd Ed.) sections 1161, 1126 and 1127. It is a settled law in Alabama that license taxes may be imposed for the privilege of running vehicles upon streets and roads.—*Brown v. The City of Mobile,* 122 Ala. 168; *Kent v. Mobile,* 120 Ala. 630; *Davis v. Petrinovich,* 112 Ala. 660; *Phoenix Carpet Co. v. The State,* 118 Ala. 151; *Fleming v. The State,* 112 Ala. 183; 36 L. R. A. and notes.

[Kennamer v. The State.]

McCLELLAN, J.—The appellant was convicted of a violation of the road law of Jackson county, in that he hauled lumber, etc., over a public pike road therein without having a license therefor. There were numerous grounds of demurrer interposed to the indictment, all of which were overruled.

In Acts 1903, pp. 682-689, will be found the act under which this indictment is preferred. Its caption is: "To provide for the maintenance, improvement and protection of the public roads of Jackson county, Alabama, and to provide for the levy of a special road tax. * *
*" In and by section 21 thereof it is provided that "the commissioners' court of Jackson county shall have power at any time from the passage of this act: * * * (5) To require persons hauling logs, lumber, or other timber of whatsoever description over the public roads of the county or any specified part thereof to secure a license from the judge of probate; and to prescribe a price to be paid for such license on each wagon so engaged." It then requires that all money collected in this and preceding sections shall be a part of the special road fund, etc. Under this authority the commissioners' court ordered that, "beginning on the 1st day of April, each person, firm, or corporation, for hauling logs, lumber, or other timber of whatsoever description, other than firewood, over the pike roads of this county, shall first secure a license from the judge of probate of said county for such privilege, and for such license, for each wagon so used, such person, firm, or corporation shall pay * * * the amount stipulated in the following table or schedule of license, to-wit: Two horse or mule wagon, $2.00 per month; three or four horse or mule wagon, $5.00, per month. For any wagon drawn by a greater or less number of horses prices shall be fixed on the same ratio as above." It was admitted that the defendant hauled lumber in a two horse wagon over a public pike road without a license in the county named, and this after the promulgation of the order quoted. Some of the grounds of demurrer go to the point that merely the substance of the order of the commissioners' court is set out in the indictment, when the entire order should have been. The principle has been

determined adversely in these cases: *N. C. & St. L. Ry. v. Alabama City,* 134 Ala. 414, 32 South. 731; *Goldthwaite v. City Council,* 50 Ala. 486. The indictment was not subject to the other grounds of demurrer, as will appear.

The appellant insists that subdivision 5 of section 21 of the act is void, because it is a "bill for raising revenue" and was passed within the last five days of the session.—Const. art. 4, § 70. In *Perry County v. Railroad,* 58 Ala. 557, the constitutional term under consideration was defined to be "to levy a tax, as a means of collecting revenue." This term is incorporated in our present fundamental law, and with it the judicial construction quoted. The maintenance, improvement, and protection of public roads has become an important feature of county government. As the means of communication and transportation, it has no practical substitute; and efforts to promote the perfection of public roads, through governmental supervision and agency, should be encouraged and advanced in all legitimate ways. The act under consideration seems to afford a general system for the maintenance, improvement, and protection of the public roads of the county of Jackson, and in furtherance of the worthy purpose includes in its provisions subdivision 5, quoted above. Section 21 also embraces provisions granting power to the commissioners' court to prescribe the maximum draft to be hauled at one time over the roads, and also to inhibit the use of the roads by heavy machinery, and also to require a license to haul logs or lumber to sawmills and to fix the price to be paid therefor. Then follows subdivision 5. It is perfectly apparent that the purpose of these provisions was, not to simply raise revenue through the indirect method of license fees, nor to lay or levy a tax on the vehicles used for the transportation of the heavy material specified, but, on the contrary, to compel those deriving special benefit from the roads by way of their facility for hauling ponderous burdens to mill or market or elsewhere, and to require of those so using the roads to convey these heavier burdens, and thereby to a greater comparative degree wearing the road, to pay a reasonable sum for the privilege, which,

in this instance, is devoted by the act to the liquidation of the road debt. That this may be legitimately and constitutionally done cannot, we think, be gainsaid.— *Browne v. City of Mobile,* 122 Ala. 159, 25 South. 223; *Kentz v. City of Mobile,* 120 Ala. 623, 24 South. 952, and cases in these decisions cited; *Sheppard v. Dowling,* 127 Ala. 1, 28 South. 791, 85 Am. St. Rep. 68.

The appellant further insists that the section in question is unconstitutional, because it discriminates against citizens hauling as specified in the act and in favor of others hauling heavy commodities. The objection is untenable. The lawmakers are free to create classes upon whom the taxing power may be laid, and the only uniformity requisite is that subjects of the same class are made to bear, equally and uniformly, the burden imposed.—*Western Union Co. v. State Board,* 80 Ala. 280, 60 Am. Rep. 99. The act confers on the commissioners' court the power to order the procurement of a license to use the roads as therein described. The class upon which this license might be laid is described in the act. As said above, the manifest purpose, which we have held was legitimate, of the section, is to compel those enjoying a special benefit from and working an unusual detriment to the roads to pay a reasonable sum for the privilege given. It is inherent in the power granted to the court that it should determine, in keeping with the object and purpose of the statutory provision, what wagons hauling what character of the material mentioned should be licensable. The weight of the burden borne by the vehicle was the consideration giving rise to the conferring of the power to license, and the order of the court is clearly within the grant. Besides, the terms employed in the section, viz., "logs," "lumber," "timber," do not, in the connection used, and impressed with the evident purpose in their motives, necessarily include firewood.

The sufficiency and definiteness of the order is free from criticism, since the amount of the license tax is graduated according to the character of the vehicle, as indicated by its being a two or more hourse wagon. Clearly the measure of the draft is the better determined under such a standard, and its use here is apt and en-

tirely practicable. The license is limited in its dura-
tion to one month, and the objection for uncertainty
and indefiniteness on that score cannot be sustained.

So we hold the act and the order under it not subject
to the objections urged. The validity of these being
established, the agreed statement of facts shows the
guilt of the appellant, and, if error in the admission of
testimony was committed, it is without injury to him.

The judgment of the trial court is therefore affirmed.
Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., con-
cur.