# Morris, *et al. v.* Fisk Rubber Co.

### *Assumpsit.*

(Decided April 9, 1907, 43 So. Rep. 488.)

1. *Appeal; Assignment of Error; Waiver.*—The failure of appellant to insist on assignments of error in argument on appeal will be considered as a waiver of such assignments.
2. *Contracts; Breach of Contract; Evidence.*—On an issue as to whether or not plaintiff had agreed to re-shoe certain automobile tires for defendant and plaintiff's breach thereof, evidence as to whether such tires needed re-shoeing was irrelevant and inadmissible.
3. *Appeal; Review; Harmless Error; Oral Instructions.*—Appellant is not prejudiced by an instruction that the jury, if it should find for the plaintiff, could allow a specific sum as interest, there being no issue on the question of interest and its ascertainment being a mere matter of calculation.
4. *Bill of Exceptions; Time of Signing.*—Where a cause was tried and a verdict rendered on the 9th of December and an order entered on the 15th of December extending the time for signing sixty days; an agreement of counsel made on the 5th of February extended the time to include the 5th day of March, and on that day another agreement extending the time to include the 1st day of April, and on the 31st day of March another agreement extending the time to include the 6th day of April, all of which orders and agreements appear in the record proper; and the bill was signed on April 5th. Held, it was signed within the time allowed.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action of assumpsit by the Fisk Rubber Company against Lewis J. Morris, et al. From a judgment for plaintiff defendants appeal. Affirmed.

The pleas were the general issue and payment, and plea No. 8, which was as follows: "The consideration of the account sued on was the promise of plaintiff to reshoe five automobile tires; and defendant avers

that there was a failure of consideration of the account sued on, in this: that the plaintiff did not reshoe the said five automobile tires as it promised to do, but failed to reshoe the same, the value of which was at least the sum of $62.50, which defendant asks to be deducted from plaintiff's claim." After the jury had retired, as appears from the bill of exceptions, the judge and the court officials and the lawyers retired from the court-room, leaving the jury to deliberate on their verdict in the jury box. The jury returned a verdict, which the court declined to receive, because not in proper form. The jury then asked the judge to instruct them, but the court declined to do so in the absence of defendant's counsel, and again left the courtroom. Soon afterwards defendant's counsel came in, whereupon the court and counsel for both parties entered the courtroom, and the judge of his own motion and without any further requests from the jury instructed the jury that, if they found for the plaintiff for the amount sued for, less the $25 payment—that is, for $75—they could assess the interest at $3.80, as the interest amounted to that sum, and plaintiff's counsel had agreed to accept that sum as interest. The cause was tried on the 9th day of December, and verdict returned on that day. On the 15th day of December an order was entered extending the time 60 days. On February 5th an agreement was entered by counsel extending the time to and including the 5th day of March. On the 5th day of March an agreement was entered by counsel extending the time to include the 1st day of April. On the 31st day of March an agreement was entered extending the time to include the 6th day of April, and the bill was signed on April 5th. Motion was made to strike the bill of exceptions, because it was not signed within the time allowed by law. These orders appear, not only in the bill of exceptions, but in the record proper.

T. C. Sensabaugh. for appellant.—Morris was qualified to testify as an expert on the question of whether or not tire needed re-shoeing.—18 Cyc. pp. 1605-6; *A. C. C. & I. Co. v. Pitts*, 98 Ala.; *Blackmon v. Collier*, 65 Ala.

311. The action of the judge is sufficient to warrant a reversal.—*Phoenix Ins. Co. v. Moog*, 81 Ala. 343; *De-Jarnette v. Cox*, 128 Ala. 522.

BLACKWELL & AGEE, for appellee. A judge is privileged to recall the jury and give them additional instructions.—2 Mayf. 578; 1 Mayf. 181; Thompson on Trials.

DOWDELL, J.—The assignments of error numbered from 1 to 4, inclusive, relate to rulings of the court on the pleadings. These assignments are not insisted on in argument, and we therefore pass them by without consideration.

Issue was joined on the first, second, third, eighth and ninth pleas. The first and second were the general issue, and the third payment. The eighth plea set up a contract and breach thereof by the plaintiff, and prayed that the damages resulting from said breach be applied in reduction of plaintiff's claim. The ninth plea set up a contract and a warranty, and breach thereof by plaintiff, and sought a reduction of plaintiff's claim. Under the issue so made up, there was no error in sustaining plaintiff's objection to the question asked the witness L. J. Morris, viz.: "State whether or not these five tires, which you say Mayville agreed to reshoe, needed reshoeing?" The plea set up a promise by the plaintiff to reshoe and a breach of this promise. If there was a contract by the plaintiff with the defendant to reshoe the tires, and a breach of this contract, it was wholly immaterial whether the tires needed reshoeing or not. The simple issue was, was there such a contract between the parties and a breach thereof by the plaintiff? The evidence sought to be elicited was neither relevant nor pertinent.

We are unable to see how the action of the court in instructing the jury as to interest on the plaintiff's demand, and in making the computation for the jury, in the event the jury should find for the plaintiff, could in any way be prejudicial to the defendant. There was no issue upon the qestion of interest, and its ascertain-

ment was a mere matter of calculation, in the event the jury should find in favor of the plaintiff on the question of defendant's indebtedness.

The motion to strike the bill of exceptions is overruled on the authority of *Murphy v. St. Louis Coffin Co.*, 150 Ala. 147, 43 South. 212, at the present term.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.