(86 South. 169)

ISBELL v. STATE. (7 Div. 615.)

(Court of Appeals of Alabama. June 1, 1920.)

1. CRIMINAL LAW ⬥304(12) — No JUDICIAL NOTICE TAKEN OF ORDINANCE BY BOARD OF REVENUE.

Judicial notice will not be taken of an ordinance passed by the board of revenue of a county under Acts 1915, pp. 573–577.

2. INDICTMENT AND INFORMATION ⬥61—ORDINANCES PASSED BY BOARD OF REVENUE MUST BE SPECIALLY PLEADED.

An ordinance by the board of revenue, passed under Acts 1915, pp. 573–577, not being matters of judicial notice, must be specially pleaded with sufficient certainty to show that it was in existence at the time the unlawful act is alleged to have been committed, and to put the

defendant on notice as to what the ordinance contained respecting the particular act with which he is charged.

3. INDICTMENT AND INFORMATION ⚌106—ORDINANCES NEED NOT BE SET OUT IN HÆC VERBA.

An indictment need not be so exact, definite, or certain as would require that ordinances should be set out in hæc verba, but the substance of the ordinance, its authoritative ordination as a rule of conduct in a municipality, and that the party charged has violated it, meets all the requirements of good pleading.

4. LICENSES ⚌42(4)—BURDEN ON DEFENDANT TO SHOW THAT HE PAID LICENSE.

In a prosecution for doing business without a license, where it is shown that a license is required, the defendant has the burden to show that he has paid the license.

5. TAXATION ⚌42(1) — LEGISLATURE MAY CREATE CLASSES.

The Legislature is free to create classes on whom the taxing power may be laid, being reasonable in the amount and uniform as to the subjects in the same class.

Appeal from Circuit Court, Shelby County; H. D. Merrill, Judge.

J. L. Isbell was convicted for using the public roads by driving a two-horse wagon or dray thereover without having procured license therefor, and he appealed. Reversed and remanded.

The indictment was as follows:

The grand jury of said county charge that within 12 months before the finding of this indictment, and prior to January 1, 1919, Laney Isbell, alias J. L. Isbell, the owner of a vehicle, to wit, a two-horse wagon or a two-horse dray, did use the said two-horse wagon or the said two-horse dray upon the public roads of Shelby county, Ala., without first having obtained license therefor, in violation of the rules and regulations duly adopted by the board of revenue of Shelby county, Ala., under the provisions of an act of the Legislature approved September 22, 1915 (Acts pp. 573–577).

(2) The grand jury of said county further charges that within 12 months before the finding of this indictment, and prior to January 1, 1919, Laney Isbell, alias J. L. Isbell, the owner of a vehicle, to wit, a two-horse wagon or a two-horse dray, did use the said two-horse wagon or two-horse dray upon the public road or public roads of Shelby county, Ala., without first having obtained a license therefor, in violation of the rules and regulations duly adopted by the board of revenue of Shelby county, Ala., under the provision of an act of the Legislature approved September 22, 1915.

(3) The grand jury of said county further charge that within 12 months before the finding of this indictment, and prior to January 1, 1919, Laney Isbell, alias J. L. Isbell, the owner of a vehicle, to wit, a two-horse wagon or a two-horse dray, did unlawfully haul logs, lumber, or cordwood on, over, or along the public road or roads of Shelby county, Ala., after the license

therefor as prescribed by the rules and regulations duly adopted by the board of revenue of Shelby county, Ala., had become delinquent, and in violation of the rules and regulations duly adopted by the board of revenue of Shelby county, Ala., against the peace and dignity of the state of Alabama.

Riddle & Ellis, of Columbiana, for appellant.

The indictment was subject to the demurrers interposed. 134 Ala. 414, 32 South. 731; 50 Ala. 486; 16 Ala. App. 534; 79 South. 314; 16 Ala. App. 62, 75 South. 268; 54 Ala. 263; 147 Ala. 682, 39 South. 353. The court erred in directing a verdict for the state. 174 Ala. 616, 56 South. 997, 40 L. R. A. (N. S.) 890.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

SAMFORD, J. [1, 2] The indictment does not state when the rules and regulations were adopted, nor allege with sufficient certainty the provisions of the ordinance. Being an ordinance by the board of revenue of which this court does not take judicial notice, it must be specially pleaded with sufficient certainty to show that it was in existence at the time the act is alleged to have been committed, and to put the defendant on notice as to what the ordinance contained respecting the particular act with which he is charged.

It was not a violation of the law of the state to use a two-horse wagon or two-horse dray upon the public roads of Shelby county, but was and is a violation of the state statute (Acts 1915, p. 573, § 2) for any person to violate any rule, regulation, or law which may be adopted, or promulgated, by the county board of revenue under authority of the act of the Legislature approved September 22, 1915. Acts 1915, p. 573, § 2; Floyd v. State, 15 Ala. App. 654, 74 South. 752; Hicks v. State, 16 Ala. App. 88, 75 South. 636, and quoted with approval in the later case of Oliver v. State, 16 Ala. App. 533, 79 South. 313. But the language used in the opinions in those cases, while asserting correct principles, was too general to be of universal application. The present case furnishes an apt illustration, it appearing from the indictment that the defendant is charged with having "used a two-horse wagon or two-horse dray upon the public roads of Shelby county without first having obtained a license therefor." While it appears from the rules and regulations adopted by the board of revenue that a license was required for such vehicle only when used for hire, hauling logs, lumber, etc., gasoline, etc., or coco-cola, there being 11 different heads in the ordinance under which the defendant might

have been indicted as a user of a two-horse wagon, but none of which corresponds to the allegation in the indictment.

[3] Under our system of pleading it is not required to be so exact, so definite, or so certain as would be the result of an affirmation that ordinances should be set out in hæc verba. But, as was said in Rosenberg v. City of Selma, 168 Ala. 195, 198, 52 South. 742, 743:

"The substance of the ordinance, its authoritative ordination as a rule of conduct in the municipality, and that the party charged has violated it, meets all the requirements of good pleading." Goldthwaite v. City of Montgomery, 50 Ala. 486; N., C. & St. L. Ry. Co. v. Alabama City, 134 Ala. 414, 32 South. 731; Kennamer v. State, 150 Ala. 74, 43 South. 482; Miller v. State, 16 Ala. App. 534, 79 South. 314.

[4] Even under our liberal system the indictment does not meet the requirements. In a prosecution for doing business without a license, where it is shown that the license is required, and that the defendant did the business, the burden is on the defendant to show that he has paid the license.

[5] It is also contended by the defendant that the classification of vehicles by the ordinance was artificial and not natural, and therefore unconstitutional. The Legislature is free to create classes upon whom the taxing power may be laid, being reasonable in the amount of the tax levied, and uniform as to the subjects of the same class. Kennamer v. State, 150 Ala. 74, 43 South. 482; W. U. Tel. Co. v. State Bd., 80 Ala. 280, 60 Am. Rep. 99. A similar ordinance as to automobiles has been upheld in the recent case of C. E. Mills v. Court of County Com'rs of Conecuh County, 204 Ala. 40, 85 South. 564.

The demurrer to the indictment should have been sustained, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.