(88 South. 457)

### CRAVEN v. STATE. (7 Div. 655.)

(Court of Appeals of Alabama. Feb. 1, 1921.)

1. **Highways** ⊂⊃151(1)—**Commissioners' court had right to adopt regulation pertaining to working of public roads.**

Under Acts 1915, p. 573, commissioners' court of Randolph county had the right to adopt a regulation pertaining to the working of the public roads.

2. **Highways** ⊂⊃151(2)—**Information held not to sufficiently set out ordinance relating to working roads.**

An information filed by a solicitor under Code 1907, § 7737, repealed by Acts 1915, p. 623, was defective, in that it failed to sufficiently set out an ordinance or rule of commissioners' court under which the trial proceeded; it simply alleging that before commencement of the prosecution accused willfully failed to work the public roads, either in person or by substitute, after having been legally warned, he being at the time a person liable to work the public roads and for road duty, against the peace and dignity of the state.

3. **Highways** ⊂⊃151(2)—**Complaint held not to show violation of regulation of commissioners' court.**

A complaint that before commencement of the prosecution defendant willfully failed to work the public roads, either in person or by substitute, after having been legally warned, he being at the time a person liable to work the public roads and for road duty, against the peace and dignity of the state, did not charge any offense under a regulation adopted by commissioners' court under which it was not necessarily a violation of the law to fail to work the public roads after legal notice; ordinance providing that one has the right to either work the required time or pay $5.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Andrew Craven was convicted for failure to work the public roads and appeals. Reversed and remanded.

The information was as follows:

That before the commencement of this prosecution Andrew Craven willfully failed to work the public roads, either in person or by substitute, after having been legally warned to work the public roads, the said Andrew Craven at the time being a person liable to work the public roads and for road duty, against the peace and dignity of the State of Alabama.

R. G. Rowland, of Ashland, for appellant.

The information charges no offense, and the defendant should have been discharged.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The prosecution is under Gen. Acts 1915, which fixes the penalty. 86 South. 117. The case was tried by the court without a jury, and the finding will not be disturbed. 17 Ala. App. 12, 81 South. 348.

MERRITT, J. The complaint filed by the solicitor in the circuit court in this case proceeds under section 7737 of the Code of 1907. By act approved September 20, 1915, Acts 1915, p. 623, this section of the Code was repealed.

[1] The trial of the case, however, seems to have proceeded under a rule or regulation adopted by the commissioners' court of Randolph county, which regulation pertaining to the working of the public roads the commissioners' court had the right to adopt under the Acts of 1915, p. 573. Isbell v. State, 17 Ala. App. 465, 86 South. 169.

[2, 3] The complaint is not only defective in that it fails to sufficiently set out the ordinance or rule of the commissioners' court, but it charges no offense known to the law of this state, and would not support a conviction for crime.

It was not necessarily a violation of the law to fail to work the public roads after legal notice, as under the ordinance of the commissioners' court one has the right to either work the required time or pay $5. As to whether this was done in this case it is unnecessary to decide, as under the complaint a conviction cannot be had. This being a misdemeanor, and any further prosecution being barred, the judgment must be reversed, and a judgment here rendered, discharging the defendant.

Reversed and rendered.