### SULLIVAN v. STATE. (1 Div. 509.)

(Court of Appeals of Alabama. Dec. 4, 1923.)

1. Highways ⬤151(2)—Information held insufficient to support conviction for failure to work on highway pursuant to rule of county commissioners.

An information, charging that the defendant failed to work the public roads as provided by the rules of the court of county commissioners, was void and insufficient to support a conviction, as not averring the authoritative ordination of the rules and regulations passed by the court of county commissioners and also failing to charge a substantive offense.

2. Indictment and information ⬤133(1)—Void complaint properly attacked by motion to strike and demurrer.

That a complaint is void, and will not support a conviction, is properly presented by a motion to strike and by demurrer.

3. Criminal law ⬤304(17)—No judicial notice of rules of court of county commissioners.

The court will not take judicial notice of the rules and regulations passed by the court of county commissioners.

4. Criminal law ⬤1187—Defendant discharged, on reversal for insufficiency of complaint, where limitation has run against prosecution.

Where it affirmatively appears from the record on an appeal from a judgment of conviction that the period in which to commence a prosecution for the alleged offense has elapsed, accused will be discharged on reversal for insufficiency of the complaint.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Bob Sullivan was convicted of failure to work the roads after legal notice, and appeals. Reversed and rendered.

The information or complaint upon which the defendant was tried, is as follows:

"The state of Alabama, by its solicitor, complains of Bob Sullivan that, within twelve months before the commencement of this prosecution, he, the said Bob Sullivan, being a person liable to road duty in Washington county, failed or refused, after legal notice, to work the public roads in person or by able-bodied substitute of road age, without sufficient excuse therefor, against the rules and regulations of the court of county commissioners of Washington county, Alabama, to wit: 'Sec. 2. That all male persons in Washington county are liable to work on public roads of said county, except those who are under the age of 18 years and over the age of 45 years, and all persons who have lost an arm or a leg, all persons who by nature of disease are rendered incapable of hard labor, and who shall procure a certificate of such incapacity from the county board of health. The road year shall be from March 1st to February 28th, inclusive, of each year.'"

Granade & Granade, of Chatom, for appellant.

The complaint charges no offense, and defendant should be discharged. Brazleton v. State, 66 Ala. 96; Miles v. State, 94 Ala. 106, 11 South. 403; Craven v. State, 18 Ala. App. 48, 88 South. 457; Isbell v. State, 17 Ala. App. 465, 86 South. 169; Acts 1915, p. 623; McClure v. State, 17 Ala. App. 618, 88 South. 35.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The prosecution of this appellant, defendant in the court below, was for a violation of certain rules and regulations of the court of county commissioners of Washington county; the specific charge being a failure to work the public roads. From a judgment of conviction in the circuit court, this appeal is taken.

[1-3] It is here contended that the complaint is void, and will not support a conviction. Under the authority of Craven v. State, 18 Ala. App. 48, 88 South. 457, and Isbell v. State, 17 Ala. App. 465, 86 South. 169, and cases there cited, this contention must be sustained. The question is properly presented by motion to strike and by demurrer.

Judicial notice cannot be taken of the rules and regulations passed by the court of county commissioners, and a complaint predicated upon such rules and regulations, to be valid, must aver the authoritative ordination of such rules and regulations, and must also charge with sufficient certainty a substantive offense.

[4] The judgment appealed from is reversed, and, as it affirmatively appears from the record that the period of time of one year in which to commence a prosecution for the alleged offense complained of has elapsed, there can now be no conviction of the accused in this instance, a judgment is here entered discharging the appellant.

Reversed and rendered.