(101 So. 910)

SMITH v. STATE. (2 Div. 296.)

(Court of Appeals of Alabama. June 3, 1924. Rehearing Denied June 24, 1924.)

Licenses ⬤⇒7(3)—Ordinance imposing license fees varying in amount, on vehicles hauling certain kinds of lumber, held valid.

Ordinance, adopted by court of county commissioners, under Acts 1915, p. 573, § 13, imposing license fees on vehicles used in hauling certain kinds of lumber on public roads, the amount depending on whether vehicles are drawn by two or more animals, held constitutional.

Appeal from Circuit Court, Greene County; John McKinley, Judge.

Robert Smith was convicted of hauling lumber on the public roads without license, in violation of an ordinance or regulation of the court of county commissioners, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Smith, 212 Ala. 262, 102 So. 122.

Hildreth & Hildreth, of Eutaw, and R. B. Evins, of Birmingham, for appellant.

The ordinance is discriminatory and void. Conecuh County v. Simmons, 19 Ala. App. 65, 95 So. 488.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The appeal is on the record. The question presented is the constitutionality of an ordinance adopted by the court of county commissioners, under and by authority of section 13, Acts 1915, p. 573. This ordinance fixed and levied a license on:

"Vehicles which are used in hauling, transporting, or moving staves, stave bolts, or billets, stave timber, spokes, spoke billets, or stake

timber, saw logs or any other character of logs or timber or lumber upon the public roads of Greene county, to wit: For the year 1920, and annually thereafter, until further ordered by the court; for each wagon drawn by not more than two animals, $7.50; for each wagon drawn by more than two and not more than three animals, $10.00," etc.

The ordinance proceeds to further classify vehicles for license not necessary here to set out and to provide for the issuance of licenses upon payment of the fees.

We are unable to differentiate this case from Kennamer v. State, 150 Ala. 74, 43 So. 482. It is undoubtedly the law that:

"In the Goode Law (Acts 1915, p. 573, § 13) the court of county commissioners are only given authority to levy license taxes for each class of vehicles, and that act does not confer authority to fix a license for hauling along the public road any particular article of commerce." Conecuh County v. Simmons, 19 Ala. App. 65, 95 So. 488.

But, it seems, the character of article hauled may be used to designate the type of vehicle upon which a license is required. At least that is what we take the opinion in the Kennamer Case, supra, to mean, and on that authority the judgment in this case is affirmed.

Affirmed.