## MADISON COUNTY v. GWATHNEY. (8 Div. 742.)

(Supreme Court of Alabama. April 9, 1925.)

**1. Licenses ⊕—7(3)—Classification, in resolution of county commissioners' court levying license tax on vehicles, held reasonable, and license tax imposed not discriminatory.**

Classification, in resolution of county commissioners' court levying license tax on vehicles, under Gen. Acts 1915, p. 576, § 13, as amended by Gen. Acts 1923, p. 61, approved Feb. 13, 1923, as animal drawn vehicles, wagons, or other vehicles of one, two, four, or six horse in size, and graduating amount of tax per month by size of wagon, and making a class of such vehicles as are operated for hire or for commercial disposition of timber and other commodities, *held* reasonable; amount of license tax imposed on each class being equal and uniform and showing no discrimination.

**2. Licenses ⊕—7(3)—Classification, in resolution of county commissioners' court levying license tax on vehicles, not unreasonable because classifying wagons hauling for county into another class.**

Classification, in resolution of county commissioners' court levying license tax on vehicles, under Gen. Acts 1915, p. 576, § 13, as amended by Gen. Acts 1923, p. 61, approved Feb. 13, 1923, *held* not unreasonable because classifying wagons hauling for county in another class; such vehicles being required, by section 1 of resolution, to pay a per annum license tax according to size.

**3. Licenses ⊕—7(3)—Classification, in resolution of county commissioners' court levying license on vehicles, not unreasonable because classifying wagons of owners, share croppers, and renters into another class.**

Classification, in resolution of county commissioners' court levying license tax on vehicles, under Gen. Acts 1915, p. 576, § 13, as amended by Gen. Acts 1923, p. 61, approved Feb. 13, 1923, *held* not unreasonable, because classifying vehicles used by owner or his employees, share croppers, and renters in hauling agricultural products to market, on land owned or rented by them, or firewood to be used within the county, into another class; owners of such vehicles being required, by section 1 of resolution, to pay an annual license tax according to size of wagon.

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

Action to recover license tax by Madison County against C. J. Gwathney. Following adverse rulings on pleading, plaintiff takes a nonsuit and appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Reversed, rendered, and remanded.

The resolution adopted by the court of county commissioners, levying the tax here involved, is in part as follows:

"Resolved:

"(1) That for the purpose of maintaining the public roads, bridges and ferries of the county, there is hereby imposed upon the owners of vehicles which are or may be used upon the public roads of the county, the following license taxes: For each one-horse wagon or dray, $1.50 per annum; for each two-horse wagon, $2.50 per annum; for each one-horse buggy, $1.50 per annum; for each two-horse buggy, surry, for each hack or hearse, and for any other vehicle drawn by one horse or animal, $1.50 per annum; and for any other vehicle drawn by two or more horses or animals, $2.50 per annum.

"(2) That the following license taxes are hereby imposed upon the owners of animal drawn vehicles that move upon or are drawn or operated on or over any of the highways in Madison county, if operated for hire or commercial disposition of timber or other commodities, except hauling for the county, viz.: One-horse wagon or dray, $1 per month; two-horse wagon, $2.50 per month; four-horse wagon, $5 per month; six-horse wagon, $7.50 per month; and for any other vehicle drawn by one horse or animal $1 per month; and for any other vehicle drawn by more than one horse or animal the same amount per month as hereinabove provided for wagons drawn by the same number of animals, respectively. Provided, however, that this section shall not apply to vehicles used by the owner or his employees, share croppers, tenants, or renters, in hauling to market agricultural products or commodities grown or raised on lands owned or rented by them; nor shall it apply to any person hauling to market firewood cut from land owned or rented by him, which firewood is sold to residents of Madison county for use by the purchasers as fuel in said county."

Spragins & Speake, of Huntsville, for appellant.

The court of county commissioners had authority to levy the tax in question. Gen. Acts 1915, p. 573. This act is constitutional. Terry v. State, 18 Ala. App. 333, 92 So. 85; Hill v. Moody, 207 Ala. 325, 93 So. 422. The ordinance or resolution imposing the tax is valid and enforceable. Hill v. Moody, supra; Terry v. State, supra; Kennamer v. State, 150 Ala. 74, 43 So. 482; Ex parte Strawbridge, 201 Ala. 62, 77 So. 356; Mills v. Com'rs, 204 Ala. 40, 85 So..564; Smith v. State, 20 Ala. App. 116, 101 So. 910.

R. E. Smith, of Huntsville, for appellee.

The county commissioners have no right to make an unreasonable classification; burdens of taxes must fall equally. W. U. Tel. Co. v. State Board, 80 Ala. 273, 60 Am. Rep. 99; Conecuh Co. v. Simmons, 19 Ala. App. 65, 95 So. 488; Smith v. State, 20 Ala. App. 116, 101 So. 910.

MILLER, J. This is an action brought by Madison county against C. J. Gwathney, to recover the sum of $5, license taxes on two 2-horse wagons—$2.50 on each wagon—owned and used by the defendant, and operated by him for hire on the public highways of the county during the month of January,

1924, which had been imposed by the court of county commissioners of Madison county. There was only one count in the complaint. The suit was commenced in the inferior court of Huntsville; on the hearing the court rendered judgment in favor of the plaintiff, and defendant appealed from that judgment to the circuit court. This one count in the complaint was there amended. Demurrers of defendant to this complaint, containing one count as amended, were sustained by the court, and, on account of this adverse ruling of the court to the plaintiff on the complaint, it took a nonsuit, and a judgment granting the nonsuit, discharging the defendant, and taxing plaintiff with the cost, was entered by the court. The plaintiff appeals from that judgment, and assigns as error the judgment and order of the court sustaining demurrers of the defendant to this count as amended.

The resolution of the court of county commissioners imposing this license tax appears to have gone into effect on or prior to January 1, 1924, and it was therefore introduced and adopted under authority of section 13 of an act in General Acts 1915, p. 573, as amended in General Acts 1923, p. 61, approved February 13, 1923. That part of the amended act applicable reads as follows:

"That the courts of county commissioners * * * of the several counties may, for the purpose of maintaining the public roads, bridges and ferries of the county, impose upon the owners of all vehicles * * * which are used upon the public roads of the county, a license tax and may classify such vehicles in determining the amount of the tax to be levied on each class."

The right of the Legislature by this amended act to delegate authority and power to the courts of county commissioners to fix a license tax for the use of vehicles on the public highways in the county, for the purpose of maintaining the public roads, bridges, and ferries, is not questioned in this proceeding. The constitutionality of the original· act has been passed on and approved by this court. Hill v. Moody, 207 Ala. 325, 93 So. 422; Mills v. Commissioners' Court, 204 Ala. 40, 85 So. 564.

The defendant has two 2-horse wagons that he has permitted to use the public roads of the county for the month of January, 1924, for hire, and this resolution places a license tax of $2.50 per month on the owner of 2-horse wagons so using, for hire, the roads. Defendant refused to pay this $5 license tax on his two wagons for this month.

The statute (section 13, as amended, General Acts 1923, p. 61) permits the court of county commissioners to impose upon the owners of all vehicles—

"a license tax and [they] may classify such vehicles in determining the amount of the tax to be levied on each class."

This license tax and classification of the vehicles is shown by sections 1 and 2 of the resolution of the court of county commissioners, which appear in full in the report of this case.

[1] The appellee insists by his demurrers and in his brief, and the trial court sustained him, that the resolution imposing this license tax is void, because part of the vehicles used 'for hire are exempt from the license tax, that all vehicles of the same class are not subject to the same tax, that the commissioners exercised unreasonable discretion in the classification of the vehicles, and the license tax was not imposed on the owners of all animal drawn vehicles, but some were exempt from it.

This court in Kennamer v. State, 150 Ala. 79, 43 So. 483, wrote:

"The lawmakers are free to create classes upon whom the taxing power may be laid, and the only uniformity requisite is that subjects of the same class are made to bear, equally and uniformly, the burden imposed."

This statute (section 13, General Acts 1923, p. 61) permits the imposing, by the court of county commissioners, of "a license tax" on "all vehicles," and allows them to classify such vehicles in determining the amount of the tax on such class.

This resolution classifies the vehicles on which the license tax must be paid in section 2, first, as animal drawn vehicles. It classifies them, second, into wagons or other vehicles of 1, 2, 4, or 6 horse in size, and graduates the amount of the tax per month by the size of the wagon, by being a 1, 2, or more horse wagon, and it makes a class of such vehicles that are operated for hire, or operated for commercial disposition of timber, or operated for commercial disposition of other commodities. These classifications are reasonable, and the burden—amount of the license tax—imposed on each class by the resolution is equal and uniform, and shows no discrimination. Kennamer v. State, 150 Ala. 79, 43 So. 482; Smith v. State, 20 Ala. App. 116, 101 So. 910; Ex·parte Smith, ante, p. 262, 102 So. 122.

[2] This section (2) of the resolution classifies animal drawn vehicles into another class—wagons operated on the roads, hauling for the county. This class is easily separated from the other classes mentioned, and it is not unreasonable and discriminatory. A county is a political organization, an auxiliary of the state, which is "intrusted with defined functions and powers." Edmondson v. De Kalb County, 51 Ala. 103.

The statute authorizes the court of county commissioners to improve, construct, and maintain the public roads, bridges, and ferries of the county. Gen. Acts 1915, p. 573. And, in so doing, they may hire wagons to be used for the purposes mentioned, and, in so hiring them, their compensation will

be considered and no doubt made in the light that the owner will have no monthly license tax to pay on the wagons while they are used in hauling for the county. Section 2 of the resolution relieves animal drawn vehicles that haul for the county from the monthly license tax imposed thereon, but a per annum license tax graduated according to the size—1, 2, or more horse wagons—is imposed on the owners of such vehicles using the public roads, by section 1 of the resolution. It appears, therefore, that this class of vehicles bears a burden of the license tax and the burden imposed rests equally and uniformly on all in that class. This classification is not contrary to the purpose of the statutory provision. Section 13, Gen. Acts 1923, p. 61, and authorities supra.

[3] Then section 2 of the resolution makes another classification of animal drawn vehicles, known as vehicles used by the owner or his employees, share croppers, tenants, or renters, in hauling to market agricultural products or commodities grown or raised on lands owned or rented by them, and vehicles used to haul to market firewood cut from land owned or rented by him, which firewood is sold to and used as fuel by residents of Madison county. Section 2 of the resolution does not impose the monthly license tax on such vehicles so used, but the owners of such vehicles so used under section 1 of the resolution have, to secure an annual license tax, which is graduated according to the size—1, 2, or more horse wagon. Such wagons are used principally on the farm and incidentally or occasionally on the public roads for marketing the crops and hauling firewood to market. This classification is reasonable, and they can be easily separated from the other classes of animal drawn vehicles named. This classification of, and license tax imposed on, these vehicles is not contrary to the intent and design of the statute. Section 13, Gen. Acts 1923, p. 61; Kennamer v. State, 150 Ala. 74, 43 So. 482; Ex parte Smith (Ala. Sup.) ante, p. 262, 102 So. 122; Smith v. State, 20 Ala. App. 116, 101 So. 910, and authorities supra.

If there is any discrimination between residents and nonresidents of the county in this clause 2 of the resolution, applicable to such vehicles used "to haul to market firewood" to be sold to residents of and used for fuel by purchasers in Madison county, which would render that part of the resolution invalid, it is not presented for review by the demurrers, and the wagons of the defendant do not belong to that class and were not used for that purpose. So we will not discuss and decide it, as no necessity exists therefor.

It results from the foregoing that we hold the trial court erred in sustaining the de-murrers of defendant to this count as amended of the complaint. They should have been overruled by the court, and such judgment on these demurrers will be entered here.

For the error mentioned, the judgment is reversed, one is here rendered in accordance with this opinion, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.