### CARVER v. STATE.　(8 Div. 198.)

(Court of Appeals of Alabama.　Aug. 4, 1925.)

**1. Indictment and information ⏤202(5)— Complaint for failure to work public roads held to support conviction, although demurrable.**

Complaint in prosecution for failure to work public roads under Code 1923, § 5456, although demurrable for failing to charge willfulness *held* not void, but sufficient to support conviction.

**2. Highways ⏤151(2)—Prosecutions for violation of ordinance of county commissioners relating to roads, etc., must set out substantially ordinance alleged to have been violated.**

Prosecutions, under Code 1923, § 1349, for violation of ordinances of county commissioners, enacted under section 1347, relating to roads, etc., must set out substantially ordinance alleged to have been violated, in absence of which conviction will not be upheld.

**3. Criminal law ⏤304(12)—Courts do not take judicial notice of ordinances of county commissioners as to roads, etc.**

Courts do not take judicial notice of ordinances of county commissioners as to working roads, passed under authority of Code 1923, § 1347, and unless they are properly pleaded, are not legally informed of their contents.

**4. Highways ⏤151(2)—Admitting in evidence ordinance relating to rule adopted by county commissioners' court in prosecution under statute for failure to work public roads held error.**

In prosecution under Code 1923, § 5456, for failure to work public roads, admission in evidence of ordinance of county commissioners' court, enacted under authority of section 1347, was error, such ordinance not being capable of being made basis of prosecution under such statute.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Barney Carver was convicted of failure to work the public road, and he appeals. Reversed and remanded.

John A. Lusk, of Guntersville, for appellant.

It was error to permit the introduction of rules and regulations of the commissioners' court. Moody v. State, 87 Fla. 175, 99 So. 665; Owens v. State, 19 Ala. App. 573, 99 So. 155; Stinson v. State, 19 Ala. App. 580, 99 So. 321; Town of Lineville v. Gauntt, 20 Ala. App. 135, 101 So. 154; Ford v. State, 20 Ala. App. 67, 100 So. 917; Harris v. State, 19 Ala. App. 484, 98 So. 316; Craven v. State, 18 Ala. App. 48, 88 So. 457; Isbell v. State, 17 Ala. App. 465, 86 So. 169; Sullivan v. State, 19 Ala. App. 484, 98 So. 323.

Harwell G. Davis, Atty. Gen., and J. Fred Johnson, Jr., Asst. Atty. Gen., for the State.

There was no error in admission of evidence.

SAMFORD, J. Section 1353 of the Code of 1923 provides: "All persons are liable to work on the public road, except those exempt by the succeeding section." Section 1354 provides the exemptions, but, as these exemptions constitute defensive matter, it is not here necessary to notice them. Section 5456 of the Code of 1923 provides:

"Any person liable to road duty who willfully fails or refuses, after legal notice, to work the public roads, either in person or by substitution, without a sufficient excuse therefor, must, on conviction, be fined not less than three dollars nor more than ten dollars for each day for which he is so in default and may also be imprisoned in the county jail, or put to hard labor for the county, for not more than sixty days."

[1] The prosecution in this case, as indicated by the complaint of the solicitor was brought under the foregoing section of the code, and, while clearly demurrable, in that it fails to charge willfulness, is not void, and will support a conviction under the section of the code above quoted.

Under section 1347 of the Code of 1923, courts of county commissioners are given powers in enacting rules and regulations regarding the building and maintenance of public roads, which authority has been held to include the management and regulation of persons liable to road duty not inconsistent with the statutes of the state, and section 1349 of the code fixes a penalty for the vio-

---

⏤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lation of such rules and regulations when legally adopted and promulgated.

[2, 3] Prosecutions under section 1349 must set out substantially the ordinance alleged to have been violated, in the absence of which a conviction will not be upheld. Sullivan v. State, 19 Ala. App. 484, 98 So. 323; Craven v. State, 18 Ala. App. 48, 88 So. 457; Isbell v. State, 17 Ala. App. 465, 86 So. 169. Courts do not take judicial notice of such ordinances, and unless properly pleaded are not legally informed as to their contents.

[4] On the face of this record, this prosecution was for a violation of section 5456 of the code, and the admission in evidence of the ordinance adopted by the commissioners' court approved February 20, 1922, was irrelevant and illegal, and could not, as was attempted to be done in this case, be made the basis of the prosecution. The prosecution not being for a violation of the county ordinance, the admission of the ordinance was error.

The other questions will probably not arise on another trial.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.