(132 So. 604)

## GOOLSBY v. STATE.

### 4 Div. 619.

Court of Appeals of Alabama.

Feb. 10, 1931.

Rehearing Denied Feb. 24, 1931. Further Rehearing Denied May 12, 1931.

See, also, 22 Ala. App. 654, 119 So. 597.

C. B. Fuller, of Opp, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

Appellant was convicted of failure to work the public road after having been duly warned, and appeals.

The record discloses that the defendant in the court below, appellant here, had been apportioned to work upon the public road in question, and that he was liable to road duty, and, further, that he was duly and legally warned to work upon said public road; time and place being designated in said warning. It is also shown without dispute that, notwithstanding all the foregoing, he willfully failed or refused to work upon said road, either in person or by substitute, without legal

cause or sufficient excuse. As to the foregoing, there appears no dispute in the testimony.

This appellant was tried under the general law, and not under the ordinances which had been adopted by the court of county commissioners; and it is here insisted that the trial was abortive, in that the prosecution should have been under the provisions of said ordinances, and that these ordinances had superseded and repealed the general road laws of the state. On this question the trial court charged the jury, and ruled as follows: "I charge you as a matter of law that although the law gives to the Commissioner's Court the jurisdiction over the public roads and gives the Commissioner's Court authority to adopt rules and regulations over the roads, yet the State can elect to prosecute under the criminal statutes of the state, or by the violation of the rules and regulations of the Commissioner's Court." This is the controlling question on this appeal, and is properly presented in several different ways.

In deciding this question, we may briefly, and without elaboration, state that we are not in accord with the insistence of appellant, and that the trial court committed no error in charging the jury as aforesaid. Carver v. State, 21 Ala. App. 76, 105 So. 424.

Affirmed.