HOLMES, Judge
(concurring specially).
I agree with the majority in its determination that the Revenue Department failed to meet its burden of proof establishing that petitioner was engaged in a business subject to the sales tax.
I take exception, however, to the majority’s conclusion that the “explicit language” of section 40-23-9 requires proof by the Revenue Department that a person is engaged in business before such person can be required to keep business and tax records. A plain reading of the statute reveals no such requirement. That statute merely implies that the Department make a prima facie showing that petitioner is engaged in business. The Department need only introduce some evidence warranting a finding *307 that petitioner engaged in business. The burden is then placed upon petitioner to prove that he was not in business and therefore not subject to the record keeping requirements of section 40-23-9. Cf. Isbell v. State, 17 Ala.App. 465, 86 So. 169 (1920), C. Gamble, McElroy’s Alabama Evidence § 457.05 (1977).
The Revenue Department’s initial burden is not substantial. For example, testimony from one of the Department’s agents that petitioner did engage in business would, in my view, shift the burden of proof to petitioner.
Should petitioner fail to meet his burden, yet still fail to produce the subpoenaed records, a finding of contempt would clearly be appropriate. I completely agree with the majority’s determination that the fifth amendment privilege will not extend to required business records once it has been established that petitioner was engaged in business.
I would also note that section 40-23-15, Code of Ala.1975, authorizes the Revenue Department to assess a sales tax against petitioner based upon such information which it can reasonably obtain without the benefit of petitioner’s records. The assessment thus levied by the Department is pri-ma facie correct, and on appeal petitioner will have the burden of proving its incorrectness. State v. T.R. Miller Mill Co., 272 Ala. 135, 130 So.2d 185 (1961). The Revenue Department is free to avail itself of this remedy.