### STATE *vs.* EDWARD STANLEY.

Franklin County.     Announced June 9, 1892.     Opinion
August 8, 1892.

*Intoxicating Liquors. Nuisance. Indictment. Evidence. R. S., c. 17, § § 1, 2.*

The defendant having been indicted under R. S., c. 17, § § 1 and 2, for keeping a liquor nuisance in his dwelling-house, contended that this statute covers

eleven distinct offenses. *Held;* that only one offense, viz: a statutory nuisance, is thereby created, but it may be proved by the commission of any one of the various acts therein specified.

It is not necessary, in such an indictment, to allege in terms that the illegal practices mentioned were carried on with the knowledge or consent of the defendant. It is sufficient to allege that the defendant kept and maintained such a nuisance, after setting out the different acts, &c., which by the statute constitute a common nuisance.

The sale of intoxicating liquors, on two different occasions in a dwelling-house, does not as a matter of law constitute it a common nuisance under R. S., c. 17, § 1.

The word "used" in that section implies habitual action.

Evidence of such sales is for the jury to weigh; and if it satisfies them beyond reasonable doubt that the occupant of the dwelling-house was in the habit of thus selling therein, they may thereby find it a nuisance.

*State* v. *Lang,* 63 Maine, 215, affirmed.

ON EXCEPTIONS.

This was an indictment for a nuisance found under R. S., c. 17, which reads as follows: "All places used as houses of ill-fame, or for the illegal sale or keeping of intoxicating liquors, all houses, shops or places where intoxicating liquors are sold for tippling purposes, all places of resort where intoxicating liquors are kept, sold, given away, drank or dispensed, in any manner not provided for by law, are common nuisances."

(Indictment.) "State of Maine.— Franklin, ss. At the Supreme Judicial Court begun and holden at Farmington, within and for the county of Franklin, on the fourth Tuesday of September, in the year of our Lord, one thousand eight hundred and ninety, the grand jurors for said State upon their oath present, that Edward Stanley, otherwise Ed. Stanley, of Farmington in said county of Franklin, laborer, on the first day of May, in the year of our Lord, one thousand eight hundred and eighty-nine, and on divers other days and times between that day and the day of the finding of this indictment, at Farmington aforesaid, in the county of Franklin, aforesaid, did keep and maintain a certain place, to wit: a dwelling house on the southerly side of the road leading from West Farmington village in said Farmington to Walton's Mills, and being near the brick yard, and the same during said time occupied by said Stanley, there situate then and there and on said divers other days and

times there used as a house of ill-fame, and then and on said divers other days and times there resorted to for lewdness and then and on said divers other days and times there used for the illegal sale and for the illegal keeping of intoxicating liquors, and where on that day and on said divers other days and times intoxicating liquors were sold for tippling purposes, and which said place was then and on said divers other days and times there a place of resort where intoxicating liquors then and on said divers other days and times were there unlawfully kept, sold, given away, drank, and dispensed, and which said place, being so used as aforesaid, was then and there a common nuisance, to the great injury and common nuisance of all good citizens of said State, against the peace of said State, and contrary to the form of the statute in such case made and provided."

The defendant was found guilty by the jury and moved an arrest of judgment for the following reasons, viz : (1,) the respondent is charged with no crime ; (2,) everything set forth in the indictment may be true and consistent with the defendant's innocence ; (3,) the indictment is insufficient in law.

The motion was overruled by the presiding justice, and the defendant took exceptions. The defendant also took exceptions to following portions of the presiding justice's charge :

"The house where these offenses are alleged to have been committed is set forth with sufficient particularity as to its description and location. The great question therefore, is, whether this respondent has been guilty of using the house described in the indictment as a place for the illegal sale or keeping of intoxicating liquors within the time specified in that indictment. If he has, then I instruct you that he would be guilty of the offense charged.

"A further provision of this same statute which I have read to you provides that all houses, shops, or places where intoxicating liquors are sold for tippling purposes are common nuisances. If this respondent had this shop or house and intoxicating liquors were sold for tippling purposes there, which means sold and drank upon the premises in the house, then I instruct you that he would be guilty ; or thirdly, as the statute provides

'all places of resort where intoxicating liquors are kept, sold, given away, drank, or dispensed in any manner not provided for by law, would be a common nuisance.' The government relies upon the evidence of this man whose testimony you have heard, who testifies that he purchased liquor on two different occasions of this respondent in the house described in this indictment.

"If you believe the testimony of Humphrey Skidmore, that he purchased the liquor as he testified, of this respondent in that house, then I instruct you that this respondent would be guilty under this indictment. If you do not believe that evidence then you would not be authorized to convict this respondent. . . . This evidence is introduced to corroborate the fact as claimed by the government, and whether true or not is for you to say that this man has kept this house there for the illegal sale of intoxicating liquors to a greater or less extent. It does not say in the statute how much liquor a man shall sell to constitute a common nuisance. . . . Has this law been violated by the respondent? Has he kept this house there for the illegal sale of intoxicating liquors, or is this a house where intoxicating liquors are sold for tippling purposes, sold to be drank upon the premises in the house? What is the evidence? What does it satisfy you as to either one of these propositions? or furthermore, is this a place of resort where intoxicating liquors are kept, sold, given away, or dispensed in any manner not provided by law? If you are satisfied that it was so kept by this respondent, then I instruct you that he would be guilty under this statute, and the indictment upon which he stands charged."

*F. E. Timberlake*, County Attorney, for the State.

Counsel cited : *State* v. *Lang*, 63 Maine, 217 ; *State* v. *Buck*, 78 *Id.* 193 ; *State* v. *Hall*, 79 *Id.* 502 ; *State* v. *Ryan*, 81 *Id.* 108 ; *State* v. *Dorr*, 82 *Id.* 158.

*H. L. Whitcomb*, for defendant.

Chapter 17, section 1, was intended to cover eleven distinct offenses ; and there seems to have been an effort to enumerate ten of these offenses in the one count in this indictment — the word "gambling" being omitted. But all of these terms used

in the statute as offenses, in the indictment are merely used as descriptive of the place or dwelling-house kept and maintained by the respondent — *descriptio loci*.

There is no allegation that the respondent used or maintained the house, described in the indictment, for any illegal purpose, or that it was so used with his knowledge, consent or approbation during the time alleged.

If, during any part of the time named, the house was used or maintained for any of the prohibited purposes enumerated in the statute, the respondent is not charged with so using it, for he may have used and occupied the premises under such circumstances as to have been entirely ignorant of the fact of such illegal acts.

A person's business may keep him from home so much of the time that he is ignorant of what is being done at his dwelling, and still it may be the house, in contemplation of law, kept, maintained and occupied by him, but these illegal practices may be carried on without his knowledge or consent.

Respondent should be charged with keeping the premises for such illegal purposes, or that they are so kept with his knowledge, consent or approbation, or there is no statute charge against him. *State* v. *Dodge*, 78 Maine, 439 ; *Com.* v. *Stahl*, 7 Allen, 304.

The indictment only charges that on and during a certain time the respondent kept and maintained a certain place (particularly described), but he is not charged with keeping or maintaining it for any other than a lawful purpose.

The distinction between a *private* and a *public* nuisance should plainly appear in the indictment. There should be so much of the fact set out as to make the criminal nature of what is charged against the respondent fully appear. It must be alleged in the indictment that the *public* are affected by the respondent's acts, by some appropriate language. The indictment does not allege that the house which the respondent is charged with maintaining was situated in any public place as a village or city, nor near any public street or highway ; nor does it allege that any person resided near thereto, or was in the habit of passing thereby. For aught that the indictment reveals, it may have

been in the wilderness, away from the vicinity of any inhabitant or habitation — in no manner affecting the public.

If it was rendered a nuisance by the manner in which it was used and maintained, it should be alleged that it was in a public place, or that people resided near thereto, or other similar circumstances showing that the public was affected thereby.

The conclusion of the indictment, that it "was then and there a common nuisance, to the great injury and common nuisance of all good citizens of said State," etc., does not cure the defect. *Mains* v. *State*, 42 Ind. 327 ; 13 Am. Rep. 364 ; 2 Bish. Crim. Proc. § 864 ; Whar. Crim. Law, § § 2379 and 2380.

Instructions : If an inn-keeper lodges a guest over night, who has in his pocket or valise a flask of liquor that he intends to sell or give away (to treat his friend to) he would be clearly amenable under the instructions here given. For an inn is a place of resort, and so is every store, shop, office and many dwellings, according to the true definition of the term.

One or two acts of selling do not, as matter of law, necessarily make the place a common nuisance. *Com.* v. *Lambert*, 12 Allen, 177 ; *Com.* v. *Calef*, 10 Mass. 153 ; *State* v. *Stevens*, 36 N. H. 59 ; *Ludwick* v. *Com.* 6 Harris, Pa. 172.

VIRGIN, J. The defendant was convicted on an indictment for keeping a liquor nuisance in a building comprising a portion of his dwelling-house. His motion in arrest of judgment having been overruled at *nisi prius*, he urges his objection against the indictment and challenges the correctness of one instruction to the jury.

1. Revised Statutes, c. 17, § § 1 and 2, do not " cover eleven distinct offenses," as contended, but a single offense, viz : a statutory nuisance which may be proved by a commission of any one of the various acts therein specified. *State* v. *Lang*, 63 Maine, 215, 218 ; *Com.* v. *Foss*, 7 Gray, 330.

2. The indictment need not allege in terms that the illegal practices mentioned were carried on with the knowledge or consent of the defendant. After setting out the different acts and conditions which, by the statute, constitute a common nuisance, the indictment alleges that the defendant kept and maintained

such a nuisance, which is sufficient. *State* v. *Ryan*, 81 Maine, 107.

The only claim made that the defendant kept or maintained a nuisance was that his dwelling-house was "used" by him "for the illegal sale of intoxicating liquor."

In this connection the presiding justice called the attention of the jury to the testimony of one Skidmore, who testified that, on two different occasions, he purchased intoxicating liquor of the defendant in the house described. Thereupon he gave the following instruction : "If you believe the testimony of Skidmore, that he purchased the liquor, as he testified, of this respondent, in that house, then I instruct you that this respondent would be guilty. If you do not believe that testimony, then you would not be authorized to convict him."

We think the court withdrew from the jury what was within their province alone to decide. While the word "used" may sometimes mean "employed for a particular purpose on a single occasion or on two several occasions," we do not think it was intended to have that restricted sense in this criminal statute. The sale of a glass of liquor, in a dwelling-house, on two different occasions, was not intended *per se* to constitute the house a "common nuisance." The word "common" strongly indicates such a construction to be erroneous. But the intention was to declare "all places" to be "common nuisances" whenever they should habitually or customarily be appropriated for, or converted to the purpose of the illegal sale of such liquor. Two sales would not as matter of law constitute it a nuisance. The evidence of such sales would be competent for the jury to consider upon the issue whether or not the house was habitually employed by the defendant for the purpose of selling contrary to law. And if it satisfies them beyond reasonable doubt that the defendant was in the habit of so selling therein, they might so find. The weight or value of such testimony was within their exclusive province, and it was erroneous for the court to fix the weight or value which they should give it. *Com.* v. *McArty*, 11 Gray, 456.      *Exception sustained.*

PETERS, C. J., WALTON, EMERY and HASKELL, JJ., concurred.