# City of Cullman v. Arndt.

### Prosecution for Violation of City Ordinance.

1. *Constitutional law; construction of city ordinance.*—An ordinance of a municipality levying a tax on "every agency of a brewery of another State doing business in this city," is palpable discrimination in favor of domestic breweries and against breweries of other States, and is, therefore, unconstitutional and void.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

Frank Arndt, the appellee, was prosecuted in the mayor's court of the city of Cullman, for an alleged violation of an ordinance of said city. From a judgment of conviction the defendant appealed to the circuit court. In the circuit court judgment was rendered in favor of the defendant. From this judgment the plaintiff appeals. The facts showing the only question reviewed on the present appeal are sufficiently stated in the opinion.

WILL G. BROWN, for appellant.

[City of Cullman v. Arndt.]

J. B. Brown, for appellee, cited, *Ex parte Reynolds,* 87 Ala. 138; *Ballentyne v. Wilkersham,* 75 Ala. 533; *Yerby v. Cochrane,* 101 Ala. 453; Cases cited under § 2, Art. IV of Const.; Code, § 36.

DOWDELL, J.—The prosecution in this case was begun in the mayor's court and was for the violation of an ordinance of the municipality levying a license tax of $50 on "every agency of a brewery of another State doing business in the city." On conviction, the defendant appealed to the circuit court, where he was tried and convicted. From the judgment of the circuit court the city of Cullman prosecutes this appeal.

The vital question in the case is, can the ordinance requiring the license tax be upheld. That ordinance provides as follows: "To fix the schedule of license and privilege tax upon business and occupations. Sec. 1. Be it ordained by the mayor and city council of Cullman, Alabama, that the amounts to be paid for license and privilege tax for the following business, occupations, and matters, shall be as follows: * * * * No. 38. Every agency of a brewery of another State doing business in the city, fifty dollars."

It requires no argument to demonstrate that the license tax here imposed is a palpable discrimination in favor of domestic breweries and against breweries of another State. It is plainly offensive to that provision of the constitution of the United States by which the citizens of each State are declared entitled to "all the immunities and privileges of the citizens of several States." Under this ordinance while a brewery of Chattanooga, Tenn., to do business in the city of Cullman through an agency located in that city, must pay a license tax of fifty dollars, a brewery of Montgomery or Mobile, or elsewhere within the State, may establish its agency in said city and do business there free from such license tax. So it can be readily seen that while the ordinance requires a license tax of agencies of foreign breweries, home and domestic breweries are exempt, producing a discrimination that avoids and destroys the municipal act.

The judgment of the court below must be affirmed.