# Adams, Tax Collector *v.* Southern Ry.

### *Action to Recover Taxes.*

(Decided April 21, 1910. 52 South. 439.)

*Taxation; Road Improvement; Statutes; Constitutional Provision.*—In so far as acts 1903, assumed to authorize road districts, less in area than a county to impose a tax on the property in the district of not more than one-fourth of one per centum for the purpose of constructing, improving and maintaining public roads in such districts, after a vote thereon, the same is violative of section 215, constitution of 1901.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by the Southern Railway Company against Q. S. Adams, as Tax Collector of Marengo county, to recover money paid under protest as a special road tax for a road district in that county established under an Act passed October 10, 1903, as amended by Acts Aug. 13, 1907. Judgment for plaintiff and defendant appeals. Affirmed.

WILLIAM CUNNINGHAME, for appellant. The local law for Marengo county does not repeal this *general law.*—Secs. 33 and 6, of Local Law for Marengo county,

Acts (Local) 1907, p. 69; 3 Brickell's Digest, page 750, sec. 47; 5 May. Dig. p. 881 sec. 50; *Abernathy v. State,* 78 Ala. 411; *Maxwell v. State,* 89 Ala. 159; *State v. Houghton, et al.,* 142 Ala. 90; *Herr v. Seymour,* 76 Ala. 270. The act approved October 10th, 1903, and entitled an act "To provide for the construction and maintenance of good public roads and bridges in the several counties of the State of Alabama," (Gen. Acts of 1903, p. 412) is constitutional.—Constitution of 1901, sec. 215; *Southern Ry. Co. v. Cherokee County,* 144 Ala. 579; *State v. Street, et al.,* 117 Ala. 203. The court erred in refusing the general affirmative charge to the defendant.—Authorities cited under I and II, and Sec. 105 of Constitution of 1901, and sec. 109 thereof; Code of 1896, secs. 2443 to 2495, inclusive.

L. E. JEFFRIES, E. W. PETTUS, HENRY McDANIEL, and ABRAHAM & TAYLOR, for appellee. Section 8 of the Local Act is violative of section 45 of the Constitution. —*Ballentyne v. Wickersham,* 75 Ala. 533. Said section is also offensive to section 215 of the Constitution. —*Mayor and Aldermen v. Dargan,* 45 Ala. 310; *Keene v. Jefferson County,* 135 Ala. 465; *Ex parte Marshall,* 64 Ala. 266; *So. Ry. Co. v. St. Clair,* 124 Ala. 495; 27 A. & E. Enc. of Law, 595-6; *M. & A. of B'ham. v. Klein,* 89 Ala. 461; *Mobile v. Royal St. Ry.,* 45 Ala. 322; *Clark v. Jack,* 60 Ala. 271; 59 N. J. L. 119.

McCLELLAN, J.—But one of the several questions presented on this appeal is necessary to be considered, viz.: Does section 8 (Acts 1903, p. 414), in the particular that it assumed to authorize "road districts," less in area than a county, to impose, consonant with the popular will therein taken, a tax on property in that district, of "not more than one-fourth of one per

centum," for the purpose of constructing, improving and maintaining the public roads and bridges in such district or districts," offend section 215 of the Constitution of 1901, reading: "No county in this state shall be authorized to levy a greater rate of taxation in any one year on the value of the taxable property therein than one-half of one per centum; provided, that to pay debts existing on the sixth day of December, eighteen hundred and seventy-three, an additional rate of one-fourth of one per centum may be levied and collected which shall be appropriated exclusively to the payment of such debts and the interest thereon; provided, further, that to pay any debt or liability now existing against any county, incurred for the erection, construction, or maintenance of the necessary public buildings or bridges, or that may hereafter be created for the erection of necessary public buildings, bridges or roads, (a) any county may levy and collect such special taxes, not to exceed one-fourth of one per centum, as may have been or may hereafter be authorized by law, which taxes so levied and collected shall be applied exclusively to the purposes for which the same were so levied and collected."

Section 8, as presently pertinent, is as follows: "That courts of county commissioners and boards of revenue may, if they deem it expedient or proper, divide their respective counties into 'road districts,' and when such districts are created the said courts of county commissioners or boards of revenue may order elections in such districts or any of them, for the purpose of ascertaining whether it is the will of the people of such district or districts that a tax of not more than one-fourth of one per centum on the taxable property in such district or districts shall be levied and assessed for the purpose of constructing, improving and maintaining the

25—167

public roads and bridges in such district or districts. That such election shall be held in such manner as the courts of county commissioners or boards of revenue shall provide and only the qualified electors of such district or districts shall vote at such election. If a majority of the voters at such election shall vote for such tax the same shall be levied, assessed and collected as other taxes for county purposes. All taxes which may be levied and assessed under the provisions of this act shall constitute a lien on the property of the person against whom they are assessed superior to all other. liens, except the state's lien for taxes. * * *"—Acts 1903, pp. 414. 415.

The question indicated has not been considered in this court. The recent adjudication in *Southern Railway Company v. Cherokee County*, 144 Ala. 579, 42 South. 66, treated and decided only that section 215 of the Constitution, by the use of the phrase, "or that may hereafter be created," had reference to debts contemplated by the governing bodies of the several counties, and did not condition the power to impose the special tax upon a debt existing at the time of the imposition of the tax. In short, that the power can be exercised in anticipation of payment for contemplated improvements within the provisions of the section.

Section 215, in respect of its broad purpose, is a reiteration of the, generally, similar provision in the Constitution of 1875, whereby, for the first time, and as suggested by motives of the wisest prudence, a limitation was put upon the taxing power to be exercised by the Legislature. Many decisions delivered here rehearse the lamentable conditions immediately resulting from an unrestrained power to tax, out of which grew the limitation fixed in section 215.—*Keene v. Jefferson County*, 135 Ala. 465, 33 South. 435.

[Adams, Tax Collector v. Southern Ry.]

While the wisdom of the limitation was not to be doubted, nor its broad efficacy impaired, it was considered proper and of equal necessity that for the purposes (among others not necessary to be restated) of erecting, constructing, or maintaining certain public agencies, public roads and bridges being among them, the general limitation of the taxing power expressed in the section (215) should yield to exception. The proviso with which we are now concerned raised the limitation with respect to the construction or maintenance of public roads and bridges so that "any county" may impose for that purpose a tax not exceeding one-fourth of 1 per centum.

The power to impose the special tax mentioned being created by proviso, an exception to a general limitation, the proviso must be so strictly construed as to confine its effect in lifting the major limitation to a status falling fairly within its terms.—*United States v. Dickson,* 15 Pet. 141, 10 L. Ed. 689; *Bragg v. Clark,* 50 Ala. 363; *Ex parte Lusk,* 82 Ala. 519, 2 South. 140; 2 Lewis' Suth. St. Const. § 352; Endlich Int. Stat. §§ 186, 526.

This rule of construction must have application in this instance.

Under our Constitution counties are considered and expressly treated as entirely distinctive from precincts, wards, and districts. In the suffrage department of the Constitution, dealing with registration as a prerequisite to the right to exercise the franchise, precincts and wards are recognized as being territorial areas less than a county and different, in reference, from a county.— Section 178, among others. In the Declaration of Rights (section 6) the provision is for "a speedy, public trial by an impartial jury of the county or district in which the offense was committed," thereby taking cognizance of the difference between counties and dis-

tricts.   In *State v. McDonald,* 109 Wis. 506, 514, 85 N.
W. 502, that learned court observed the distinction be-
tween districts and counties taken in the organic law
of the state of Wisconsin in a provision similar to that
quoted from section 6 of our Constitution.   In *Askew
v. Hale County,* 54 Ala. 639, 25 Am. Rep. 730, Brickell,
C. J., defined "county," as well as expressed, in apt,
lucid phrase, a county's relation to the state, its office,
and its powers.   Other parts of our organic law and
statutory instances and judicial announcement might
be added to reinforce the idea that, with us, the ordi-
nary use of the term county intends "an involuntary
political or civil division of the state created * * * *
to aid in the administration of government" (*Asknew v.
Hale Co., supra*) ; and that, in consequence, "district"
is not synonymous with "county."

   Section 215 thrice employs the term "county."   Its
first use is in the general prohibitive sense, viz., "no
county in this state shall be authorized to levy," etc.   As
employed in that connection, "county" intends, evident-
ly, the unit of political authority defined in *Askew v.
Hale County, supra,*   The limitation is so expressed in
recognition of the fact that the county is and has al-
ways been one of the two subordinate governmental
agencies of the state.   It is addressed, primarily, to the
Legislature in denial, to that branch of the government,
of the right to clothe the county with a taxing power in
excess of the limit prescribed.   But special circum-
stances, conditions, and purposes commended the in-
corporation in the section of the proviso under consid-
eration, and thereupon the makers of the organic law
undertook to raise the inhibition, the limitation, in the
interest of these special matters of essentially impor-
tant county jurisdiction.   To express the exception, the
proviso, the term "county" is twice subsequently em-

ployed. Having laid a prohibition upon the authoriza-
tion of the counties to tax beyond one-half of 1 per cen-
tum, the exception, for the special purposes defined,
must, of necessity, have been intended to take out of the
general limitation the same governmental entity as is
affected by the general limitation, viz., the county, the
unit. This view is further confirmed when this rule of
interpretation is applied, as it should be here, if it be
assumed that, as last used in the section, "county" is
ambiguous in meaning; that where a word or phrase is
repeated, in Constitution or statute, and in one instance
its meaning is definite and clear, and in the other it is
susceptible of two meanings, it will be presumed to have
been employed in the former sense, unless a contrary
intent appears.—*State ex rel. Meyer v. Greene*, 154 Ala.
249, 257, 46 South. 268. There is nothing in the section
to indicate a purpose to clothe county, as last employed
therein, with a meaning or effect different from that
plainly intended by its use in the expression of the gen-
eral limitation preceding.

The whole section must, of course, be read and con-
sidered, in arriving at a true interpretation of any part
of it. In the first proviso a like exception to that with
which we are now concerned is made that debts on the
prescribed date might be paid by taxation. Obviously,
the area, the unit, of taxation for that purpose is the
county, and not a fraction thereof. This is rendered
perfectly certain, if it were not otherwise, by the fact
that the debt contemplated is and must be the debt of
the county, and not that of any fraction thereof. With
like intent, "county" is employed the second time in the
section. As there used, it intends that the power to im-
pose a special tax is given, by way of exception from the
prohibition of the general limitation, as a means to pay
existing ("now," i. e., at the time the Constitution of

1901 was adopted) debt or liability "against the county." It need not be more than summarily stated that to afford the means, by taxation, for the liquidation of county debts or liabilities, the tax must be uniform upon all subjects of taxation of the same class throughout the county.—*Kennamer v. State,* 150 Ala. 74, 79, 43 South. 482. To satisfy such demands ("against a county"), we apprehend that a classification, based solely upon territorial lines, within a county, would be necessarily arbitrary, and would patently violate the rule of uniformity in matters of taxation. · As interpreted in *Southern Railway Company v. Cherokee County, supra,* it is clear that the office and sole intent of the exception, proviso, under consideration, is to authorize a gathering of funds, by the imposition of the special tax, wherewith to pay debts contemplated for the construction, etc., of necessary public buildings, bridges, or roads. Such demands must, ex necessitate, be demands "against the county." The creation of liabilities for the enumerated public agencies can only be such as are "against the county," and so for the obvious reason that under our present system (aside from municipalities) there is no governmental agency below that of a county capable of incurring liabilities of the character described, and this is expressly recognized by section 215 of the Constitution. Being a county debt or liability contemplated, funds derived from specially permitted taxation to meet the obligation of the county must be drawn uniformly from all subjects of taxation of the same class therein. Section 8 of the act in question, on its face, would violate the Constitution (section 215) by subjecting to taxation a district, less than a county, to pay a county demand warrantably contemplated; and hence, in effect, would direct a procedure and accomplish a result plainly against the undoubted rule of uniformity in taxation.

There is no factor, in the inquiry, of benefits resulting from improved roads or bridges to sections of the counties contiguous to these improvements, and of corresponding lack of equal advantage to sections remote therefrom. The Constitution takes no account, in lifting the general limitation on the power to tax for the special purposes described in section 215, of the rule of benefits recognized, upon occasion, with respect to municipal improvements.—Const. § 223. On the contrary, the makers of the organic law intended that a county debt or liability for defined special purposes might be liquidated by the imposition of a special tax upon the taxable property of the county, the institution obligated to satisfy the debt or liability. We see no escape from the conclusion foreshadowed, and, hence, must pronounce section 8, in the particular indicated, unconstitutional and void.

It, accordingly, results that the judgment appealed from is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.