(93 South. 422)

**HILL et al. v. MOODY, Probate Judge, et al.**

(8 Div. 299.)

(Supreme Court of Alabama. April 13, 1922.)

**1. Statutes ⬅121(1)—Act, delegating power to commissioners' court to tax vehicles within county, held to state its object in its title.**

Acts 1915, p. 573, delegating to the court of county commissioners the duty of fixing a schedule of license taxes for the use of vehicles by citizens of the county of Jackson, fixing a lien thereon, and establishing rules relative thereto, the violation of which could be deemed a misdemeanor, is not invalid under Const. 1901, § 45, declaring that each law shall contain one subject which shall be clearly expressed in the title.

**2. Licenses ⬅6(12)—Legislature may delegate power to courts of county commissioners or boards of revenue to fix license tax for use of vehicles.**

Counties are civil or political organizations of the state with defined powers, and are agencies in the administration of civil government; and the Legislature may delegate to courts of county commissioners or boards of revenue legislative power to fix license taxes for the use of vehicles by citizens within the county, and to prescribe rules for the administration thereof.

**3. Constitutional law ⬅63(3)—Licenses ⬅7(1)—Act empowering court of county commissioners to tax vehicles not unconstitutional delegation of legislative power.**

Acts 1915, p. 573, delegating to and imposing upon the court of county commissioners the duty of fixing a schedule of rates for license taxes for the use of vehicles by citizens within the county of Jackson, fix a lien thereon, and to establish rules and regulations for the administration thereof, *held* not violative of Const. 1901, § 44, providing that the legislative power of the state shall be vested in a

legislature, consisting of a house of representatives and senate.

**4. Licenses** ⊚⇒7(1) — **County commissioners' court cannot fix punishment for violation of ordinances enacted under statute fixing punishment.**

Court of county commissioners levying a tax for privilege of using vehicles on roads within the county under Acts 1915, p. 573, had no authority to fix the punishment for a violation of the ordinance, it being fixed by the Legislature.

**5. Licenses** ⊚⇒7(3) — **Exemption of automobiles for private use from license tax not unreasonable or arbitrary classification.**

An ordinance of the commissioners' court for the levying of a tax for the privilege of using vehicles on roads within the county under Acts 1915, p. 573, fixing no license tax on automobiles used by the owner or his family, and not for commercial use, did not render the classification unreasonable and arbitrary in the imposition of the tax on vehicles used for commercial purposes.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill by Ben L. Hill and others, as taxpayers of Jefferson county, against A. H. Moody, Probate Judge, and Commissioners' Court, to enjoin them from fixing and enforcing certain tax schedules for road purposes. From a decree denying relief complainants appeal. Affirmed.

The Road Law adopted by the court of county commissioners, and exhibited with the bill, reads in part as follows:

"An order to fix and levy a license tax on vehicles for road purposes and to provide for the manner of collection and distribution thereof under § 13, of the general road law approved September 22, 1915. (Acts 1915, page 573.)

"Section 1. It is ordered that for the purpose of maintaining the public roads, bridges and ferries of Jackson county, there be and is hereby levied and imposed upon the owners of vehicles which are used upon the public roads of the county the following annual license or privilege tax for each class of vehicles, to wit:

"(a) For each wagon drawn by two or more horses, mules or oxen, $10.00.

"(b) For each wagon drawn by one horse, mule or ox, $5.00.

"(c) For each omnibus, surrey or carriage, used for transportation of passengers for hire, $5.00.

"(d) For each buggy, surrey or carriage, kept for private use or the use of the family, $2.00.

"(e) For each bicycle, $2.00.

"(f) For each motor truck or other motor vehicles used for transportation of freight, $40.00.

"(g) For each automobile or other motor vehicle used for the transportation of passengers for hire, $30.00.

"(i) For each motorcycle, $10.00."

"Sec. 5. The license tax herein prescribed shall be payable in money but the owner may at his option, pay the same in work upon the public roads of the precinct where his licenses are payable, under the following conditions and schedule of prices, to wit:

"For each two-horse wagon, team and driver $3.33 per day.

"For each one-horse wagon, team and driver $1.66 per day.

"Persons, firms or corporations working out their vehicle license tax shall be assigned a certain portion of road by the road apportioner of the precinct on which to work out said licenses, and such persons, firms or corporations shall work out their said licenses on that portion of road so assigned them by said apportioner. In the event of their failure or refusal to work out their licenses on such portion of road so assigned them, the road apportioner shall proceed to take steps against them to collect their licenses. A day's work shall be ten hours. The work shall be done under the control and supervision of the road overseer, and upon failure to do satisfactory work or to work at the time and place fixed by the overseer, the said overseer may discharge said team and notify the apportioner to proceed to collect the license."

Cooper & Cooper, of Huntsville, for appellants.

Local Acts 1915, p. 573, § 13, is unconstitutional and void. Section 45, Const. 1901; 134 Ala. 392, 32 South. 687; 17 Ala. App. 465, 86 South. 169; 17 Ala. App. 618, 88 South. 35; 204 Ala. 40, 85 South. 564.

Bouldin & Wimberly, of Scottsboro, for appellees.

All the matters presented by the bill and in brief of attorney have been fully settled against their contention. 16 Ala. 388; 202 Ala. 697; 16 Ala. App. 195, 76 South. 479; 201 Ala. 62, 77 South. 356; 150 Ala. 74, 73 South. 482; 15 Ala. App. 156, 72 South. 605; 204 Ala. 40, 85 South. 564; 5 Ala. App. 212, 59 South. 543; 16 Ala. App. 533, 79 South. 313; 115 Miss. 708, 76 South. 636; 15 Ala. App. 654, 74 South. 752; 168 Ala. 152, 52 South. 941.

THOMAS, J. The bill contained appropriate prayer for process and injunctive relief against the named officials of Jackson county.

The grounds for injunctive relief are rested on the statements that: (1) The act of September 22, 1915 (Acts, pp. 573–577) is unconstitutional and void; (2) that the "Legislature of the state of Alabama was without legal authority to endow the said court of county commissioners with the power and authority to adopt the order made an exhibit to this bill, and, particularly, that it was without legal power to endow said court of county commissioners with the authority, or impose upon it, the duty of fixing a sched-

ule of rates of license taxes for the use of vehicles by the citizens of said county of Jackson, and, that the said court of county commissioners is without legal authority to fix a lien upon said vehicles, or establish any rule, regulations or law which could be deemed a misdemeanor under the laws of the state of Alabama"; and (3) by the amendment to the bill, the act, "entitled 'An act to provide for the general revenue of the state of Alabama, approved September 15, 1919,' a system of license taxes was promulgated and established in the state of Alabama," the effect of which was to repeal and annul "the order of said commissioners' court of the county of Jackson * * * and, for this reason the attempt to collect the tax on automobiles under said order of said commissioners' court is illegal." Acts 1919, p. 398.

[1] Does the act violate provisions of section 45 of the Constitution? Appellants insist that its several subdivisions of title and of the body thereof embraced "two distinct subjects." We are of opinion that the same is not offensive to the stated provisions of the organic law of this state. Windham v. State, 202 Ala. 697, 79 South. 877; Windham v. State, 16 Ala. App. 383, 77 South. 963; State ex rel. v. Board of Rev., etc., 180 Ala. 489, 61 South. 368; Leonard v. Lyons, 204 Ala. 615, 87 South. 99; Ex parte Strawbridge, 201 Ala. 62, 77 South. 356; Id., 16 Ala. App. 195, 76 South. 479; Mills v. Commissioners, etc., 204 Ala. 40, 85 South. 564.

[2] Was there an attempt at delegation of legislative authority that is denied by the Constitution, or was the delegation of the powers on courts of county commissioners or boards of revenue of the several counties, with respect to the subject embraced in, or objects to be accomplished by, the act, within legislative competency? Acts 1915, p. 573. Counties are civil or political organizations of the state, with limited and defined powers, and are agencies or auxiliaries in the administration of civil government; and, to the limited extent sought by the act before us, legislative power may be delegated to courts of county commissioners or boards of revenue. Comm'rs Court v. Moore, 53 Ala. 25; Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730; Clark v. Mobile, 67 Ala. 217; Stanfill v. Dallas County, 80 Ala. 287; McGraw v. Comm'rs, 89 Ala. 407, 8 South. 852; Schultes v. Eberly, 82 Ala. 242, 2 South. 345; Dunn v. Wilcox County, 85 Ala. 144, 4 South. 661; Board of Rev. v. Merrill, 193 Ala. 521, 68 South. 971; Dunn v. Dean, 196 Ala. 486, 71 South. 709.

Under the act of September 22, 1915, and section 13 thereof, the courts of county commissioners, boards of revenue, or other governing bodies of the counties may, "for the purpose of maintaining the public roads, bridges and ferries of the county, impose upon the owners of vehicles which are used upon the public roads of the county such license taxes for each class of vehicles as may be deemed advisable by such court or boards." In Mills v. Commissioners, etc., supra, the provisions of section 13 as there interpreted were upheld, under the two acts having application (Gen. Acts 1915, pp. 489, 573), and it was declared that the county's authority extended to the imposition of a license tax on automobiles used for commercial purposes, and not on such motor vehicles used for private purposes by the owner or his family. The authorities were collected to the effect that cities, incorporated towns, and counties have such power of taxation as is delegated to them by legislative authority; and that the power of the Legislature to regulate the subject of taxation is unlimited, except only as restrained by the state or federal Constitution. Under section 13 of said act the court of county commissioners of Jackson county adopted an ordinance fixing and levying a license tax for road purposes on the designated vehicles used on the public roads, providing for the manner of the collection of the same, and requiring said tax to be paid to the road apportioner of the precinct in which the owner of the respective vehicles resided.

It is averred in paragraph 2 of the original bill that—

The annual license or privilege tax was assessed and levied under authority of the act in question "against each automobile used for the transportation of passengers, for hire, in the sum of thirty ($30.00) dollars; and a like annual license tax was assessed and levied for each wagon drawn by two or more horses, in the sum of ten ($10.00) dollars; and an annual license tax was likewise assessed, and levied for each surrey in the sum of two ($2.00) dollars; and a like annual license tax was assessed and levied on each wagon drawn by one horse, in the sum of five ($5.00) dollars; and a like annual license tax was assessed and levied on each buggy kept for private use in the sum of two ($2.00) dollars."

The bill avers of the further provisions of said order that in event of "default or delinquency on the part of the owners of said vehicles," the owners "shall work out their said license tax on that portion of the road which may be assigned them by the said apportioner"; that, in event of the "failure, or refusal to work on said road," they "shall be guilty of a misdemeanor, and punishable under the laws of the state"; that the "county of Jackson shall have a lien upon the vehicle for the payment of the said license tax, including the costs of suit."

The order promulgated by the court of county commissioners made due observance of the construction of section 13 of the act

in Mills v. Commissioners, etc., supra, and fixed a tax against the owners of each automobile used for commercial purposes, and not on those used by the owner for private use and that of his family.

[3] Despite the fact that section 44 of the Constitution provides that the legislative power of the state shall be vested in a legislature, consisting of a house of representatives and senate, the act under consideration, endowing the court of county commissioners with the power of government indicated by the ordinance, does not violate the foregoing provision of organic law. The rules and regulations providing for the establishment, discontinuance, construction, use, and maintenance of public highways, the definition of duties and powers of such municipality or other governing bodies of the counties with regard to same, and fixing penalties for the violation of such rules and regulations are not invasions or restrictions of legislative power. The legislation, to the ends indicated in the title and the body of the act, is by the Legislature of Alabama; to meet the necessities of the public and its use of the highways of the county is the exercise of a power of government that may be and was delegated by the Legislature to courts of county commissioners or boards of revenue in the several counties of the state.

[4] We may conclude the discussion of this phase of the case by observing that the court of county commissioners, in adopting an ordinance fixing and levying a vehicle tax for the privilege of using the vehicles indicated on the public roads of the county, had no authority to fix the punishment for a violation of the ordinance, since this had been done by the Legislature, and the punishment for violation of the ordinance as a crime must be had under the act of the Legislature. McClure v. State (Ala. App.) 88 South. 35.[1] The punishment for such a misdemeanor fixed by the Legislature is uniform as to all offenders coming within the class indicated as such misdemeanors in all the counties of the state; and this is a fact, though the provisions of the ordinance may differ in the several counties.

[5] The rules of the commissioners' court fixed no license tax on automobiles used by the owner or his family, but for commercial use (subdivisions "a," "b," "d," "e," and "i" of section 1 of rules for Jackson county) ; and this was the exercise of a reasonable discretion under the authority delegated to such municipal court or board under section 13 of the act. That automobiles or motor cars used upon the public roads had been expressly exempted by the Legislature from an additional license or privilege tax when used by the owner for his private use or that of his family, and not for commercial use, did not render the classifications unreasonable

and arbitrary in the imposition of the tax on vehicles used for commercial purposes. Mills v, Commissioners, etc., supra; Gen. Acts 1915, pp. 489, 493, § 9. The subject of reasonable classification among those using the public roads was considered by Mr. Justice McClellan in Kennamer v. State, 150 Ala. 74, 43 South. 482. The conclusion announced was that the Legislature may create reasonable classes upon whom the taxing power may be laid if subjects of the same class are made to bear the burden imposed equally, and that the statute requiring a license of persons hauling logs, lumber, or timber over the public roads of Jackson county was not discriminatory against such persons. The Justice observed that the purpose of such enactments was—

"not to simply raise revenue through the indirect method of license fees, nor to lay or levy a tax on the vehicles used for the transportation of the heavy material specified, but, on the contrary, to compel those deriving special benefit from the roads by way of their facility for hauling ponderous burdens to mill or market or elsewhere, and to require of those so using the roads to convey these heavier burdens, and thereby to a greater comparative degree wearing the road, to pay a reasonable sum for the privilege, which, in this instance, is devoted by the act to the liquidation of the road debt. That this may be legitimately and constitutionally done cannot, we think, be gainsaid. Browne v. City of Mobile, 122 Ala. 159, 25 South, 223; Kentz v. City of Mobile, 120 Ala. 623, 24 South. 952, and cases in these decisions cited; Sheppard v. Dowling, 127 Ala. 1, 28 South. 791, 85 Am. St. Rep. 68.

"The appellant further insists that the section in question is unconstitutional, because it discriminates against citizens hauling as specified in the act and in favor of others hauling heavy commodities. The objection is untenable. The lawmakers are free to create classes upon whom the taxing power may be laid, and the only uniformity requisite is that subjects of the same class are made to bear, equally and uniformly, the burden imposed. Western Union Co. v. State Board, 80 Ala. 280, 60 Am. Rep. 99."

We may say of appellants' insistences that the questions presented were disposed of in Mills v. Commissioners, etc., supra, construing the road law of Conecuh county and the applicability of its provisions to automobiles used for commercial purposes (Act Sept. 14, 1915, p. 489) and the provision for exemption of license tax on automobiles or motor cars used by the owner for his private use and that of his family. It is sufficient to say that a provision is contained in schedule 9 of the revenue law of 1919 like unto that dealt with in Mills v. Commissioners, etc., supra, which last provision is as follows:

"The registration fee or license tax herein required to be paid on motor vehicles shall be in lieu of all other privilege or license taxes which the state, or any county or municipality

---

[1] 17 Ala. App. 618.

thereof might impose, where the motor vehicle is used by the owner for his private use and that of his family." Acts 1919, pp. 397, 399.

The ordinance or regulation of the commissioners' court of Jackson county, theretofore adopted, ordained, and published, had application and force to the collection of the several license taxes accruing for the year 1920, and which became due and payable July 1st, and delinquent on July 15th.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.