## Ex parte SMITH.

## SMITH v. STATE.

### (2 Div. 853.)

(Supreme Court of Alabama. Nov. 6, 1924. Rehearing Denied Dec. 4, 1924.)

1. **Constitutional law** ⬤⟿230(2)—**Licenses** ⬤⟿ 7(3), 14(1)—**Ordinance, levying license tax on vehicles used to transport logs, staves, etc., held constitutional; "use."**

Ordinance of county commissioners' court, levying license tax, under Acts 1915, p. 576, § 13, as amended by Acts 1923, p. 61, on vehicles used on roads in hauling logs, staves, etc., may be reasonably construed as applicable only to vehicles commonly so used, and not to vehicles only occasionally so used, and is therefore not unconstitutional as an arbitrary, unreasonable, and discriminatory classification; to "use" implying habitual action or some degree of continuity or permanence (citing Words and Phrases, "use").

2. **Constitutional law** ⬤⟿48 — **Construed as constitutional, if reasonably possible.**

Courts will choose that construction of statute which will avoid unconstitutionality, if it be reasonable, even though invalidating construction be more reasonable.

Sayre and Thomas, JJ., dissenting.

Certiorari to Court of Appeals.

Petition of Robert Smith for certiorari to the Court of Appeals, to review and revise the judgment and decision there rendered in the case of Robert Smith v. State (2 Div. 296), 20 Ala. App. 116, 101 So. 910. Writ denied.

R. B. Evins, of Birmingham, for petitioner.

The ordinance is arbitrary, and not legitimate legislation. Cooley, Const. Lim. (6th Ed.) 481; Johnson v. St. P. & D. Ry., 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; S. & N. A. v. Morris, 65 Ala. 193; Cullman v. Arndt, 125 Ala. 581, 28 So. 70; State ex rel. McCue v. Sheriff, 48 Minn. 236, 51 N. W. 112, 31 Am. St. Rep. 650; Low v. Rees Printing Co., 41 Neb. 127, 59 N. W. 362, 24 L. R. A. 702, 43 Am. St. Rep. 670; Harding v. People, 160 Ill. 459, 43 N. E. 624, 32 L. R. A. 445, 52 Am. St. Rep. 344; Bailey v. People, 190 Ill. 28, 60 N. E. 98, 54 L. R. A. 838, 83 Am. St. Rep. 116; Com'rs v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575; Tolliver v. Blizzard, 143 Ky. 773, 137 S. W. 509, 34 L. R. A. (N. S.) 890; Randolph v.

B. & P. Supp. Co., 106 Ala. 501, 17 So. 721; Conecuh Co. v. Simmons, 19 Ala. App. 65, 95 So. 488; Maercker v. Milwaukee, 151 Wis. 324, 139 N. W. 199, L. R. A. 1915F, 1196, Ann. Cas. 1914B, 199.

Harwell G. Davis, Atty. Gen., opposed.

Brief of counsel did not reach the Reporter.

THOMAS, J. Acts 1915, p. 573, was amended, as to section 13 thereof, by Acts 1923, p. 61. The authority is given courts of county commissioners, boards of revenue, and other governing bodies of the several counties, for the purpose of maintaining the public roads, bridges, and ferries, to impose upon the "owners of all vehicles," except those exempted, "a license tax," and such courts, boards, or other governing bodies are given the authority to "classify such vehicles, in determining the amount of tax to be levied on each class."

The indictment was under the act of 1915 and section 13 thereof, which also gave the authority to impose upon the owners of vehicles, which are used upon the public roads of the county, such license tax for each class of vehicles as may be deemed advisable by such courts or boards. The amendment was, no doubt, to clear the statute from the exemption declared to exist as to private automobiles used by the owner for himself and family, and not for commercial purposes. Hill v. Moody, 207 Ala. 325, 93 South. 422; Gen. Acts 1915, p. 489; Gen. Acts 1915, p. 573.

The act and ordinance were enacted in the exercise of the police power of government. The courts concede a wide discretion to the Legislature, relative to grounds of classification. If a statute so classifying is reasonable in its administration, and not inconsistent with the general principles of the law of the land—especially those having relation to the liberty of the citizens and the rights of private property—it will not be disturbed. Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220, 227; Henderson v. Mayor, 92 U. S. 259, 23 L. Ed. 543; Chy Lung v. Freeman, 92 U. S. 275, 23 L. Ed. 550; Ex parte Virginia, 100 U. S. 339, 25 L. Ed. 676; Soon Hing v. Crowley, 113 U. S. 703, 5 S. Ct. 730, 28 L. Ed. 1145. Hence the lawmakers are free to create classes upon whom the taxing powers may be laid, provided the classification for such purpose (1) bears a reasonable relation to the subject of the legislation, and (2) is uniform in its operation or administration; that is, that subjects of the same class are made to bear equally and uniformly the burden imposed. As tests in the determination of the operation of a classification contained in a statute or ordinance, the class must: (a) Be germane to the pur-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pose of the law; and (b) bring within its influence all who are under the same conditions, and be applied equally to each member of the class; (c) must *not* be based on existing circumstances only, or so constituted and narrowed as to preclude proper additions to the numbers included within the class; and (d) must be based upon substantial distinctions which make one class different from another. S. & N. A. R. Co. v. Morris, 65 Ala. 193; Randolph v. Builders' & Painters' Sup. Co., 106 Ala. 501, 17 So. 727; City of Cullman v. Arndt, 125 Ala. 581, 28 So. 70; Board of Commissioners of Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575; State v. Goldstein, 207 Ala. 569, 93 So. 308. See, also, Maercker v. City of Milwaukee, 151 Wis. 324, 139 N. W. 199, L. R. A. 1915F, 1196, Ann. Cas. 1914B, 199; Johnson v. St. Paul, etc., Co., 43 Minn. 222, 45 N. W. 156, 8 L. R. A. 419; North Carolina v. Williams, 158 N. C. 610, 73 S. E. 1000, 40 L. R. A. (N. S.) 279, and notes; Cooley's Const. Lim. (6th Ed.) p. 479 et seq.

The ordinance of the court of county commissioners of Greene county is set out in the indictment. It is as follows:

"It is therefore ordered by the court of county commissioners of Greene county, Alabama, that, for the purpose of maintaining the public roads, bridges, and ferries of the county, the following license taxes be, and the same hereby are, imposed upon the owners of the following class of vehicles which are used in hauling, transporting, or moving staves, stave bolts, or billets, stave timber, spokes, spoke billets, or spoke timber, saw logs, or any other character of logs or timber or lumber upon the public roads of Greene county, Alabama, to wit:

"For the year 1920 and annually thereafter until further ordered by the court:

"For each wagon drawn by not more than two animals, $7.50.

"For each wagon drawn by more than two and not more than three animals, $10.

"For each wagon drawn by more than three and not more than four animals, $15.

"For each traction engine, or steam engine of any kind (not including automobiles or motor cars), used in drawing or pulling one or more wagons, cars, vehicles, or trailers, $25.

For each wagon, car, or trailer, or other vehicle drawn by or pulled by an automobile, motor car, motor truck, traction engine, or steam engine of any kind, $15.

"It is further ordered by the court that the owner of each of said vehicles shall pay to the judge of probate of Greene county, Alabama, the license tax due by him hereunder, and procure a license for the use of such vehicles, upon the public roads of said county before the same is used for any of said purposes, upon the public roads of Greene county, Alabama, which license shall authorize the owner of such vehicle to use the same for hauling, transporting, or moving staves, stave bolts, or billets, stave timber, spokes, spoke bolts, or billets, or spoke timber, saw logs, or any kind or character of logs or timber or lumber, upon the public roads of Greene county, Alabama,

during the year the same is issued, and not otherwise."

That ordinance is within the decision of this court rendered in Kennamer v. State, 150 Ala. 74, 43 So. 482. It was there declared that:

"It is inherent in the power granted to the court [commissioners' court] that, it should determine, in keeping with the object and purpose of the statutory provision, what wagons hauling *what character of the material mentioned should be licensable.* The weight of the burden borne by the vehicle was the consideration giving rise to the conferring of the power to license and the order of the court is clearly within the grant." (Italics supplied.)

The expression in the Kennamer Case, *"wagons hauling what character of the material mentioned"* (italics supplied), meant, under the facts, "logs," "lumber," "timber," other than "firewood," and was made the basis of classification in said ordinance; that is, the *contents of the wagon,* the material hauled, and *not the unusual burden being imposed, or commerce or business conducted, upon and in* the public highway. The general observation should be made that the basis of a proper classification may be found in an extraordinary use of a public highway—such as the hauling thereon of offal or refuse offensive to the senses or tending to affect the health of the citizen, the conduct of circus parades, the prosecution of private business, as hauling for hire peddlers, jitneys, busses, automobiles for hire, or the imposition of unusual burdens upon public roads and bridges—and in the substantial and differing character of the vehicles employed as to weight, horse power, whether gas or electric, trucks or automobiles, and the like. So, also, the basis for a classification for the purpose of raising revenue for road purposes may be found in a general vehicle tax to the exclusion of other passengers traversing the public highway. However, an administration of a municipal ordinance which would tax one vehicle and exempt another, by reason only of the character of commodity hauled, is a tax imposed on the mere hauling of the particular commodity, and the imposition of such a tax is arbitrary and unreasonable.

The Court of Appeals rested its decision in Conecuh County v. Simmons, 19 Ala. App. 65, 95 So. 488, and in this case, upon Kennamer v. State, 150 Ala. 74, 43 So. 482. It should be said that the cases of Kennamer v. State, supra, and Hill v. Moody, 207 Ala. 325, 93 So. 422, and other cases having application recognize that, under due legislative authority, counties may raise revenues for road improvement through the direct method of license fees which are reasonable and uniform, imposed upon vehicles using the public highways (Adams, Tax Col., v. Southern Ry. Co., 167 Ala. 383, 52 So. 439);

may prescribe proper rules, regulations, or conditions for the use, or permit for the conduct, of commercial or business enterprises on such highway (Mills v. Comm. Court, 204 Ala. 40, 85 So. 564; McLendon v. Boyles Transit Co., 210 Ala. 529, 98 So. 581; Giglio v. Barrett, 207 Ala. 278, 92 So. 668; Harris v. Barrett, 206 Ala. 263, 89 So. 717; City of Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 So. 117); and may exercise judgment and discretion in the building, protection, improvement, maintenance, etc., of such public thoroughfare (O'Rear v. Sartain, 193 Ala. 275, 69 So. 554, Ann. Cas. 1918B, 593; Board of Revenue v. Merrill, 193 Ala. 521, 68 So. 971; Ex parte City of Birmingham, 201 Ala. 641, 79 So. 113). Such exercise of the police power of government is always subject to the guaranties contained in federal and state Constitutions. Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; Board of Commissioners of Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L. R. A. (N. S.) 575.

It is the judgment of the writer that, under the facts of the Kennamer Case, supra, the classification employed in the ordinance there considered was arbitrary and unjust— based, as it was, solely upon the character of material being hauled. It took no account of the vehicle so used upon the public highway, or of the horse power employed, the weight, or reasonable probability of wear and tear to the highway, or whether or not the hauling was done for hire or in the prosecution of a material part of a private business or occupation on the highway, other than it applied to the contents of the vehicle. These things and conditions may be made the basis of a reasonable and uniform classification.

The court agrees with the stated tests required of such classifications, but does not agree with the application that would condemn the Greene county ordinance. The writer thinks that by the terms of the ordinance its administration can but be arbitrary and unjust. For illustration: If, in the administration of the ordinance, a timber or millman is taxed on his vehicles because he hauls therein, over the public highway, staves or spokes, to serve his own purposes or for manufacture (not for hire), and if one of another vocation hauls staves or spokes over the public highway (not for hire), and be not so taxed, that administration of the ordinance would not be uniform as to all who haul staves or spokes over the public highway, and in the prosecution of private business. If the person of another vocation be taxed for such a use of his vehicle on the public highway and in the prosecution of his business, and his competitor in a like business be not taxed for hauling, in a like vehicle, a like ponderous article, and by a like frequent use of the highway, and as likely to

tax and subject the highway to wear and tear, the classification established and enforced would be unjust and arbitrary; not being based upon a substantial distinction which makes one class different from another. In either event, the classification would not bring within the influence of the ordinance containing it *all who are under the same conditions*—all who, in like manner, subject the public highway to wear and tear, and who receive like benefit from its use in the prosecution of a private business therein. As indicated at the outset, if the classification for the tax had been rested upon the occupation or vocation or business using the public highway, if the tax and conditions imposed be reasonable, it could have been sustained, under the Fourteenth Amendment to the Constitution of the United States. And, in the declaration and description of the business being conducted on or along the highway, the contents of the vehicle may be employed and adverted to as describing the business being conducted; as hauling fuel oil or gasoline by truck along the public highway for sale, etc. In the Greene county ordinance, being construed and tested under the Constitution and rules obtaining, the stated contents of the vehicle and the character of the article or material being hauled have not been employed as *descriptive of a business being conducted on the public highway*, but made the basis for classification and tax for the hauling, based solely on an arbitrary description of contents of the vehicle.

Under the organic law, as given application by the federal and state courts, the classification was unreasonable and discriminatory. Board of Commissioners of Mobile v. Orr, supra; Yick Wo v. Hopkins, supra. The ordinance pertains to the use of the public highway by private individuals in the prosecution of their daily businesses. Authorities collected in State v. Goldstein, 207 Ala. 569–573, 575, 578–585, 93 So. 308.

However this may appear to the writer, the other justices are of opinion that the ordinance may be construed so as to save it from the imputation of unconstitutionality, under the usual presumptions obtaining. It is settled in this state: (1) That constitutional provisions, designed for the "security of the elementary rights of life, liberty, and property, should be construed liberally in favor of the citizen" (Sadler v. Langham, 34 Ala. 311; Dorman v. State, 34 Ala. 216; State v. B. So. Ry. Co., 182 Ala. 492, 62 So. 77, Ann. Cas. 1915D, 436); (2) that, where the legislative act in question prescribes a "rule of purely governmental policy, or relates merely to the conduct and administration of public affairs," it will not be declared unconstitutional, unless it is repugnant to the organic law "beyond a reasonable doubt." State ex rel. Meyer v. Greene, 154 Ala. 249, 46 So. 268; City of Ensley v. Simp-

son, 166 Ala. 366, 52 So. 61; Fairhope Single Tax Corporation v. Melville, 193 Ala. 289, 69 So. 466; State v. Birmingham Southern Ry. Co., 182 Ala. 492, 62 So. 77, Ann. Cas. 1915D, 436; Cooley on Const. Lim. c. 7, § 6; State ex rel. Troy v. Smith, 187 Ala. 411, 65 So. 942.

The ordinance cannot be saved by the presumption of its constitutionality, if it appears to be repugnant to the organic law. The ordinance will be judged by the rule of Sadler v. Langham, 34 Ala. 311, Dorman v. State, 34 Ala. 216, and State v. Birmingham Southern Ry. Co., 182 Ala. 492, 62 So. 77, Ann. Cas. 1915D, 436.

The opinion and conclusion of the majority will be found in the opinion of SOMERVILLE, J., below.

SOMERVILLE, J. [1] If the construction placed on the ordinance in question in the opinion of Mr. Justice THOMAS were the only reasonable construction it would bear, we would agree with his conclusion that the ordinance is invalid for the reasons stated by him.

We think, however, that the language of the ordinance, imposing a license tax on the owners of vehicles "which *are used* in hauling, transporting, or moving staves, * * * saw logs, or any other character of logs or timber or lumber, etc." (italics ours), may be reasonably construed as applicable only to vehicles which are commonly used by the owner, and, in a general sense, devoted by him to those purposes, and not to vehicles which the owner may casually and occasionally use therefor.

In common parlance, "to use" means to employ for any purpose. In some cases it may refer to a single act of using, but more often it implies habitual action (State v. Stanley, 84 Me. 555, 24 A. 983, 984), or some decree of continuity or permanence. Com. v. Patterson, 138 Mass. 498, 500. See, also, 8 Words and Phrases, First Series, p. 7228. We think that this was more probably the meaning intended by the language of this ordinance.

[2] As often declared courts will choose that construction of a legislative act which will avoid unconstitutionality, if it be reasonable, even though an invalidating construction be the more reasonable.

These considerations lead to the conclusion, under the construction stated, that the ordinance is not subject to the constitutional infirmities charged, and is therefore valid.

The writ of certiorari will therefore be denied.

Writ denied.

ANDERSON, C. J., and GARDNER, MILLER, and BOULDIN, JJ., concur.

SAYRE and THOMAS, JJ., dissent.